1  Keith L. Cooper (SBN 175741)
   keith@morrisoncooper.com
2  Morrison Cooper LLP
   10900 Wilshire Blvd. Ste. 930
3  Los Angeles, CA 90024
   Telephone: (424) 333-9570
4  Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bizarre Academia, LLC, a Virginia Limited Liability Company<br><br>vs.<br><br>Noah Wolf, an individual; and Does 1-10, inclusive, | Case Number:<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT;**<br><br>2. **COMMON LAW TRADEMARK INFRINGEMENT;**<br><br>3. **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(A)];**<br><br>4. **UNFAIR COMPETITION [CAL. BUS. & PROF. CODE §§ 17200];**<br><br>5. **COMMON LAW UNFAIR COMPETITION.**<br><br>Jury Trial Demanded |

Plaintiff, Bizarre Academia, LLC ("Bizarre"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

### JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq.* and 15 U.S.C. § 1125(A). This Complaint also alleges violations of California law. This Court has jurisdiction over these state law claims pursuant to its supplemental jurisdiction, 28 U.S.C. § 1367(a), in that the claims are so related to the above federal claims that they form part of the same case or controversy.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and Defendant has consented to this jurisdiction and venue.

### PARTIES

4. Plaintiff Bizarre is a limited liability company located in Virginia, with its principal place of business at 4445 Corporation Lane Ste. 264, Virginia Beach, VA 23462-3262.

5. Bizarre is informed and believes and thereon alleges that Defendant Noah Wolf ("Wolf") is an individual residing in Germany.

6. On information and belief, Bizarre alleges that Defendants DOES 1 through 10 (collectively, "DOE Defendants") (altogether with Wolf, "Defendants") are other parties not yet identified who have infringed Bizarre's intellectual property, have contributed to the infringement of Bizarre's intellectual property, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOE Defendants are presently unknown to Bizarre, who therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. On information and belief, Bizarre alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or

employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Bizarre's rights and the damages to Bizarre proximately caused thereby.

## CLAIMS RELATED TO BIZARRE'S VIDEO GAME

8. Bizarre is a video game developer who created and owns the original video game "Da Hood" on the gaming and game development platform Roblox, depicted in **Exhibit A** attached hereto ("Subject Game").

9. Bizarre is the sole and exclusive owner of all rights, title, interest and privileges in and to the Subject Game, including common law trademarks for the game's title DA HOOD (the "DA HOOD Mark") and copyrights in its original work.

10. Prior to the acts complained herein, Bizarre published and widely publicly disseminated the Subject Game without limitation on the Roblox platform thereby making the game readily accessible to Defendant.

11. Bizarre registered the Subject Game with the U.S. Copyright Office, complying with all relevant formalities in doing so, and received Registration No. PA 2-471-055 for the Subject Game.

12. Following Bizarre's dissemination of the Subject Game, Defendants, and each of them, without Plaintiff's consent copied and reproduced the Subject Game, created a derivative work from the Subject Game, and exploited the Subject Game in its games entitled "Dah Aim Trainer," "The Hood Customs," "Da Fallen" and "D.A.T. Testing," (the "Infringing Games") which were created, published, and distributed by Defendants.

13. On information and belief it is alleged that the Infringing Games were widely and publicly available on the Roblox platform. True and correct screen captures of the Infringing Games are included in **Exhibit B** attached hereto.

14. On information and belief it is alleged that Defendants have directly copied various aspects of the Subject Game or otherwise made a substantially similar game based on Defendant's access to the Subject Game, including but not limited to in-game items, animations, buildings, icons, and the overall look and feel of the game.

15. Bizarre has not in any way authorized Defendants, or any of them, to copy, reproduce, display, distribute, create derivative works of, or otherwise use any aspect of the Subject Game.

16. Bizarre submitted a DMCA takedown notice of alleged infringement to the Roblox platform, to which Wolf submitted a Counter Notice, attached hereto as **Exhibit C** whereby Defendant consented to the jurisdiction of this Court.

17. On information and belief Defendants have not altered any aspect of the Infringing Game and continue to generate revenue by infringing on Bizarre's intellectual property.

### FIRST CLAIM FOR RELIEF
(For Copyright Infringement – Against All Defendants, and Each)

18. Bizarre repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

19. On information and belief, Bizarre alleges that Defendants, and each of them, had access to the Subject Game, including, without limitation, through viewing the Subject Game on Roblox, or elsewhere online. Access is further evidenced by the exact reproduction in the Infringing Games of elements of the Subject Game, which are otherwise substantially similar thereto.

20. On information and belief, Bizarre alleges that Defendants, and each of them, copied, reproduced, displayed, made derivatives of and distributed the Subject Game including without limitation as seen in **Exhibit B** attached hereto.

21. On information and belief, Bizarre alleges that Defendants, and each of them, infringed Bizarre's copyrights by copying and creating infringing derivative works from the Subject Game and publishing same to the public.

22.     Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Bizarre's rights in the Subject Game. As such, Bizarre is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Bizarre's rights in the Subject Game in an amount to be established at trial.

23.     On information and belief, Bizarre alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting equitable and other defenses.

**SECOND CLAIM FOR RELIEF**
(For Common Law Trademark Infringement – Against All Defendants, and Each)

24.     Bizarre repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

25.     By its acts alleged herein, Defendants have engaged in trademark infringement under the common law of the State of California.

26.     Plaintiff had placed and used the subject Mark in commerce in connection with entertainment services, namely, multimedia production, online video games, non-downloadable computer games and software production, among other things; and the general consuming public of California recognizes the DA HOOD Mark as designating Bizarre as the source of goods and services. Through such use, Bizarre has common law trademark rights in the DA HOOD Mark under California law.

27.     Defendants' have created marketplace confusion by using the confusingly similar marks DAH AIM TRAINER, THE HOOD CUSTOMS, DA FALLEN, and D.A.T. TESTING (the "Infringing Marks"), which is likely to harm and deceive the public into believing that Defendants' game either incorporates the Subject Game or is otherwise connected with the

Subject Game, or that Plaintiff has endorsed Defendants' use thereof. Alternatively, consumers may be led to believe that Bizarre is infringing on Defendants' intellectual property.

28. Defendants' wrongful activities in the State of California have caused Bizarre irreparable injury to Bizarre's reputation, goodwill and business.

29. Bizarre is informed and believes that unless said conduct is enjoined by this Court, Defendants will continue and expand on those activities to the continued and irreparable injury of Bizarre. This injury includes a reduction in the distinctiveness of Bizarre's DA HOOD Mark and injury to Bizarre's reputation that cannot be remedied through damages alone, and Bizarre has no adequate remedy at law.

30. Bizarre is entitled to a permanent injunction restraining and enjoining Defendants and their agents, employees, and all persons acting thereunder, in concert with, or on its behalf, from using in commerce the DA HOOD Mark or any colorable imitation thereof (including the Infringing Marks).

31. Bizarre is also entitled to recover (i) Defendants' profits, (ii) Bizarre's ascertainable damages, and (iii) Bizarre's cost of suit.

### THIRD CLAIM FOR RELIEF
(For Unfair Competition and False Designation of Origin (15. U.S.C. § 1125(a) – Against All Defendants, and Each)

32. Bizarre repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

33. Defendants' use of the Infringing Marks falsely suggests that its game is connected with, sponsored by, affiliated with, related to, and/or approved by Bizarre and its products marketed under the DA HOOD Mark; and is likely to cause confusion, mistake, or deception regarding affiliation, connection, or association with Bizarre, or the origin, sponsorship, or approval of their goods, services, or commercial activities.

34. On information and belief, Defendants have acted with knowledge of Bizarre's DA HOOD Mark, as the Subject Game is available for play on the exact same platform (Roblox)

as the Infringing Game and utilizes and infringes upon numerous copyrighted works from the Subject Game.

35. Defendant's unauthorized use of a confusingly similar trademark name constitutes unfair competition and a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. Bizarre has been, is now, and will continue to be irreparably harmed by Defendants' aforementioned acts of unfair competition and false designation of ownership, and, unless enjoined by the Court, Defendants will continue to infringe Bizarre's rights. There is no adequate remedy at law for harm caused by acts of infringement alleged herein.

### FOURTH CLAIM FOR RELIEF
(For Unfair Competition (Cal. Bus. & Prof Code §§ 17200, *et seq.*) – Against All Defendants, and Each)

37. Bizarre repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

38. By the acts alleged herein, Defendants have engaged in unlawful and/or unfair business practices in violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by among other things, engaging in copyright and trademark infringement.

39. Defendants' acts are unlawful and/or unfair under the UCL because Defendants' use of the Infringing Marks and numerous copyrighted works from the Subject Game is likely to confuse consumers as to the source, origin, or affiliation of the Infringing Games, to misrepresent the nature, characteristics and qualities of the Infringing Games and/or to deceive or have a tendency to deceive a substantial segment of consumers into believing that the Infringing Game somehow incorporates, or has the nature, characteristics, and/or qualities, of the Subject Game.

40. Defendants' acts of unfair competition in the State of California have caused Bizarre irreparable injury. Bizarre is informed and believes that unless said conduct is enjoined by this Court, Defendant will continue and expand those activities to the continued and

1  irreparable injury of Bizarre. This injury includes a reduction in distinctiveness of Bizarre's DA
2  HOOD Mark and injury to Bizarre's reputation that cannot be remedied through damages alone,
3  and Bizarre has no adequate remedies at law. Bizarre is entitled to a permanent injunction
4  restraining and enjoining Defendants and their agents, employees, and all persons acting
5  thereunder, in concert with, or on its behalf, from using in commerce the DA HOOD Mark or
6  any confusingly similar variation thereof (including the Infringing Marks) and Bizarre's
7  copyrighted works.

8    41. As a direct and proximate result of Defendants' statutory unfair competition,
9  Defendants have been unjustly enriched in an amount to be determined at trial.

### FIFTH CLAIM FOR RELIEF
(For Common Law Unfair Competition.) – Against All Defendants, and Each)

12    42. Bizarre repeats, re-alleges, and incorporates herein by reference as though fully
13  set forth, the allegations contained in the preceding paragraphs of this Complaint.

14    43. Defendants' actions described above constitute unfair competition under
15  California state common law. Defendants' acts have resulting in the "passing off" of the
16  Infringing Games including, without limitation, under the names DAH AIM TRAINER, THE
17  HOOD CUSTOMS, DA FALLEN, and D.A.T. TESTING, as somehow related or associated
18  with, or sponsored or endorsed by, Bizarre, a competitor.

19    44. Defendants' actions were undertaken with the purpose of misleading or deceiving
20  the public into buying Defendants' product under the impression that it was purchasing Bizarre's
21  product and/or that Defendants' product was sponsored or endorsed by Bizarre.

22    45. Bizarre therefore is entitled to recover all damages proximately caused thereby in
23  an amount to be established at trial.

24    46. Defendants' wrongful conduct has caused and, if it continues, will continue to
25  cause irreparable harm to Bizarre that cannot be fully compensated by money and for which
26  Bizarre has no adequate remedy at law. Therefore, in addition to monetary damages, Bizarre is
27  entitled to preliminary and permanent injunctive relief preventing Defendants from continuing to
28  engage in the conduct alleged in this Complaint.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the judgment as follows:

**Against all Defendants, and Each with Respect to Each Claim for Relief:**

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from (a) infringing Bizarre's copyrights in the Subject Game, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Game or any copyrighted elements therein, from any game, content, print, web, or other publication owned, operated, or controlled by any Defendant;

b. That Bizarre be awarded all profits of Defendants, and each of them, plus all losses of Bizarre, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under 17 U.S.C. § 504, 17 U.S.C. §1203, and other applicable law;

c. That a constructive trust be entered over any revenues and other proceeds realized by Defendants, and each of them, through their infringement of Bizarre's intellectual property rights;

d. That Bizarre be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 504 et seq.;

e. That Bizarre be awarded its costs and fees under the above statutes;

f. That Bizarre be awarded statutory and enhanced damages under the statues set forth above;

g. That Bizarre be awarded pre-judgment interest as allowed by law;

h. That Bizarre be awarded the costs of this action;

i. Entry of an order and judgment requiring that Defendants and each of them, as well as their employees, agents, or anyone acting in concert with them be

|   |   |
|---|---|
|   | permanently enjoined and restrained from (a) using in any manner the DA HOOD Mark, or any colorable imitation of that mark (including, but not limited to the Infringing Marks), as a trade name, trademark, service mark, or domain name; and (b) doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public, or current or prospective customers of Bizarre's products and services, with respect to the source of the products and services offered for sale, distributed, or sold by Defendants, or with regard to there being a connection between Defendants and Bizarre; |
| j. | A judgment ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Bizarre within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and implemented adequate and effective means to discontinue doing business and offering or selling goods using the Infringing Marks, as set forth above; |
| k. | A judgment, pursuant to 15 U.S.C. § 1117, requiring that Defendants account for and pay to Bizarre damages arising from Defendants' violation of the Lanham Act; |
| l. | A judgment, pursuant to 15 U.S.C. § 1117, requiring that Defendant account for and disgorge to Bizarre all of the profits realized by Defendants or others in active concert or participation with Defendants, relating to the use of the Infringing Marks, and, as the Court may deem appropriate, any additional amounts pursuant to 15 U.S.C. § 1117, plus interest; |
| m. | A judgment ordering Defendants, pursuant to 15 U.S.C. § 1118, to deliver up for destruction, or show proof of said destruction or sufficient modification to eliminate all articles, signage, promotional items, literature, sales aids, packaging, or other materials in the possession, custody or control of Defendants or its agent or distributors, bearing any mark confusingly similar to the DA HOOD Mark, both alone and in combination with other words or terms; |

n.      A judgment, pursuant to 15 U.S.C. § 1117, allowing Bizarre to recover its costs and attorneys' fees incurred in connection with this action.

o.      A judgment requiring that Defendant pay pre-and post-judgment interest; and

p.      A judgment granting Bizarre any relief that the Court deems just and proper.

Dated:  May 21, 2024                                  MORRISON COOPER LLP

By: /s/ Keith L. Cooper
Keith L. Cooper
Attorneys for Plaintiff
Bizarre Academia, LLC

## DEMAND FOR JURY TRIAL

Plaintiff, Bizarre Academia, LLC hereby demands trial by jury on all claims so triable.

Dated: May 21, 2024                                  MORRISON COOPER LLP


By: /s/ Keith L. Cooper
Keith L. Cooper
Attorneys for Plaintiff
Bizarre Academia, LLC