UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIZARRE ACADEMIA, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NOAH WOLF,<br><br>　　　　Defendant. | Case No. 24-cv-03058-HSG<br><br>**ORDER GRANTING MOTION TO SET ASIDE DEFAULT**<br><br>Re: Dkt. No. 28 |

　　Plaintiff Bizarre Academia, LLC, filed its complaint against Defendant Noah Wolf in June 2024. Dkt. No. 1. In October 2024, Plaintiffs completed international service of the complaint via the Hague Convention on Defendant at his address in Germany. *See* Dkt. No. 22. After Defendant failed to respond by the deadline, Plaintiff requested entry of default on February 21, 2025. Dkt. No. 25. The Clerk entered default as to Defendant on February 27, 2025. Dkt. No. 26. The next day, February 28, 2025, the Court received Defendant's answer to the complaint, which Defendant had sent via mail on February 25, 2025, two days before the entry of default. *See* Dkt No. 27-1 at 1.

　　Defendant now moves to set aside the entry of default. Dkt. No. 28. Defendant maintains that he had taken steps to respond to the complaint prior to default being entered against him, including mailing his answer prior to the entry of default and notifying Plaintiff's counsel of his efforts. *See id*. at 1. Further, Defendant argues that he has a meritorious defense, and that setting aside default would not prejudice Plaintiff given the early stage of the case, and that Plaintiff has not filed a motion for default judgment. *See id.* at 2. After the Court directed Plaintiff to respond, Plaintiff filed a statement confirming that it "seeks to find resolution of the case on its merits" and therefore does not oppose Defendant's motion to set aside default. Dkt. No. 30 at 1.

1  The Court has discretion to set aside a default or a default judgment.  *See* Fed. R. Civ. P. 55(c), 60(b); *Brandt v. Am. Bankers Ins. of Florida*, 653 F.3d 1108, 1111–12 (9th Cir. 2011). Under Rule 55(c), a court may set aside an entry of default for "good cause."  *See United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). Considering Defendant's efforts to respond to the complaint prior to the entry of default, and given that Plaintiff does not oppose Defendant's showing of good cause, the Court **GRANTS** Defendant's motion to set aside default, Dkt. No. 28.  Defendant's answer, Dkt. No. 27, shall be deemed properly filed and entered into the record.

The Court also **SETS** a case management conference on April 15, 2025, at 2:00 p.m.  The hearing will be held by Public Zoom Webinar.  All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/hsg.  All attorneys and pro se litigants appearing for the case management conference are required to join at least 15 minutes before the hearing to check in with the courtroom deputy and test internet, video, and audio capabilities.  The Court further **DIRECTS** the parties to submit a joint case management statement by April 8, 2025, or to submit separate statements by the deadline if the parties are not able to file one jointly.  *See* Civil L-R 16-9(a).  The parties should be prepared to discuss how to move this case forward expeditiously.

**IT IS SO ORDERED.**

Dated:   3/25/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

2