Sean M. Ulrich, Esq. (SBN # 309838)
sean@mgllaw.com
MGL LLP
5777 W. Century Blvd., Ste 1125
Los Angeles, CA 90045
Telephone: (424) 333-9570

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

|  |  |
|---|---|
| Bizarre Academia, LLC, a Virginia Limited Liability Company; | ) ) ) )   Case No: 4:24-cv-3058-HSG |
| Plaintiff, | ) ) )   **JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT** |
| vs. | ) ) ) |
| Noah Wolf, an individual; and DOES 1-10m inclusive | ) ) )   **Judge:** Hon. Haywood S. Gilliam, Jr. **Courtroom:** Courtroom 2, 4th Floor, Oakland Courthouse |
| Defendants | ) ) ) ) |
|  | )   **Action Filed**: May 21, 2024 |

The parties to the above-entitled action jointly submit this JOINT CASE

MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All

Judges of the Northern District of California and Civil Local Rule 16-9.

Page **1** of **15**

**1.    Jurisdiction & Service**

The parties agree that this Court has subject matter jurisdiction over all of Plaintiff's claims pursuant to 28 U.S.C. § 1331 as the action arises under the original and exclusive jurisdiction of the federal court, and 28 U.S.C. § 1338(a) as the controversy arises under the Copyright Act of 1976 (17 U.S.C. § 101 et seq.) and the Lanham Act (15 U.S.C. § 1125(A)). Additionally, this Court has supplemental jurisdiction over the state law claims pursuant to its supplemental jurisdiction, 28 U.S.C. §1367(a), in that the claims are so related to the above federal claims that they form part of the same case or controversy.  No issues have been raised as to personal jurisdiction.

**2.    Facts**

a.  Plaintiff's Description of the Case

Briefly, this case involved the willful copyright infringement by Defendant Noah Wolf of Plaintiff's original video game, *Da Hood*, available on the Roblox gaming platform.  Defendant has copied, incorporated and made derivative works from Plaintiff's original audiovisual work in Defendant's infringing video games, which were also made available via the Roblox gaming platform.  Even after Defendant's games have been removed from the platform for violation of Roblox intellectual property policy subject to the DMCA, Defendant would make such games available again under different accounts.   At no point did Defendant seek permission or a proper license to use or exploit Plaintiff's works.

Additionally, Defendant in each individual rendition of the infringing games made available to consumers, Defendant utilized branding/source identification meant to confuse the consumer and create some relation to the Plaintiff's DA HOOD trademark.  Specifically,

JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

(Case No. 4:24-cv-3058-HSG)

Defendants infringing games were titled "The Hood Customs", "Dah Aim Trainer", "Da Fallen" and "D.A.T. Testing", all making attempts to create an association with Plaintiff's DA HOOD mark and Plaintiff audiovisual work.   At no point did Defendant seek permission or a proper license to use or exploit Plaintiff's trademarks, nor has Defendant been associated, sponsored or affiliated with Plaintiff.

   b.  Defendant's Description of the Case

   This case arises from Plaintiff's selective and disproportionate enforcement of alleged intellectual property rights against Defendant, a minor residing in Germany. While Plaintiff claims infringement over generic elements like the term "hood" and common Roblox game mechanics, it has systematically ignored far more egregious, direct copying by third parties. For example, games such as Dah Hood, Der Hood, Da Hood Aim Trainer, Da Customs, and Dee Hood—many operated by groups like "Hood Experiences"—have replicated Plaintiff's Da Hood game nearly verbatim for years, accruing massive profits (e.g., 50,000+ group members, consistent concurrent user counts of 500–1,000). These third-party games, unlike Defendant's transformative works (Dah Aim Trainer, The Hood Customs), directly clone Plaintiff's gameplay, maps, and assets, yet Plaintiff has declined to pursue legal action against them, instead offering informal settlements that allowed infringing activity to continue. Defendant's games, by contrast, were developed independently, with distinct mechanics (e.g., target practice, weapon customization) and promptly modified to address Plaintiff's concerns pre-litigation. Defendant also attempted to resolve this matter amicably, reaching out to Plaintiff multiple times prior to litigation, but received no response.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**3.     Legal Issues**

      a.   <u>Plaintiff's Statement of Legal Issues</u>

Plaintiff has raised claims for Copyright Infringement under 17 U.S.C. § 501, for the willful, unlicensed use of Plaintiff's copyright work, Da Hood, U.S. Copyright Registration Number PA 2-471-055.  Plaintiff intends to prove ownership of a valid copyright, and that Defendant willfully copies constituent elements of the original works without license or permission.

Plaintiff has also raised claims for common law trademark infringement, unfair competition and false designation of origin under the Lanham Act, unfair competition under the California Business and Professional Code, and common law unfair competition all related to Plaintiff's trademark DA HOOD.  Plaintiff intends to prove ownership of a valid and enforceable trademark, and Defendants attempts to use that mark, and marks confusingly similar, in order to create consumer confusion to further exploit its services.  Specifically, Plaintiff intends to prove the marks carry a similar look, sound, connotation and commercial impression, and used in connection the same or similar goods and services that travel through the same trade and marketing channels, and Defendants intent to create confusion as to capitalize on the popularity and notoriety of Plaintiff's goods.

      b.   <u>Defendant's Statement of Legal Issues</u>

Defendant asserts that Plaintiff's claims fail as a matter of law and equity. First, Plaintiff's copyright claims lack substantial similarity, as Defendant's games are transformative and utilize generic mechanics (e.g., weapon models) common to Roblox, while third-party games like Hood Experiences directly replicate Da Hood without consequence. Second, Plaintiff's "DA

JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

(Case No. 4:24-cv-3058-HSG)

HOOD" mark is generic and unregistered, rendering titles like Dah Aim Trainer (descriptive) and The Hood Customs (generic) non-infringing. Third, Plaintiff's DMCA notice failed to identify infringing material with specificity under 17 U.S.C. § 512(c)(3)(A), and its lawsuit was untimely under § 512(g)(2)(B): after Defendant submitted a counter-notice on April 25, 2024, Plaintiff had 10–14 days to sue but waited until May 21, 2024—26 days later—procedurally barring claims for pre-filing infringement. Finally, Plaintiff's selective enforcement, including tolerating direct infringers like Hood Experiences while targeting Defendant—a minor who acted in good faith—undermines its claims of irreparable harm and violates equitable principles.

**4.     Motions**

    a.   Plaintiff's Statement:

Plaintiff previously filed a motion for entry of default due to no appearance and no answer by Defendant.  Defendant filed a motion to set aside entry of default.  All previous motions have been resolved, and no further immediate motions are anticipated.

    b.   Defendant's Statement:

Defendant has filed a Motion for Judgment on the Pleadings Pursuant to FRCP 12(c) (expected to be mailed on 4/7/2025; docket number pending). Defendant's motion challenges the legal sufficiency of the Complaint under FRCP 12(c), which applies post-Answer. The motion highlights Plaintiff's procedural defects under the DMCA, lack of substantial similarity, and selective enforcement.

JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

(Case No. 4:24-cv-3058-HSG)

**5.** **Amendment of Pleadings**

As of the time of preparing this report, no amendment to the Complaint is anticipated.

**6.** **Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information (ESI Guidelines) and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.** **Disclosures**

The parties have agreed to exchange initial disclosures pursuant to the requirements of Fed. R. Civ. P. 26 within two weeks following the parties initial Case Management Conference (CMC) with the Court, presently scheduled for April 15, 2025. To the extent that there are any perceived deficiencies in the disclosures, the parties will meet and confer and, if an agreement cannot be reached, the parties will advise the Court of any need to compel further disclosures.

a. <u>Defendant's Statement</u>:

Defendant respectfully requests the court stay all discovery pending resolution of the FRCP 12(c) motion, as the motion's outcome may fully dispose of this case. Should discovery proceed, defendant - a minor with limited resources - will focus on plaintiff's inconsistent enforcement history, the validity of their unregistered mark, and comparative analysis of third-party games that more directly replicate plaintiff's work yet were not pursued legally.

JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

(Case No. 4:24-cv-3058-HSG)

**8.    Discovery**

Other than a limited exchange of information for purposes of the 26(f) conference and settlement purposes, no formal discovery has been exchange to date.  The parties have agreed to hold off on exchanging Rule 26 initial disclosures and serving written discovery until after the initial CMC set by the Court.

**a.    Rule 26(f)(3)(A): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under subdivision (a)(1) were made or will be made?**

As stated above, initial disclosures will be made within two weeks following the parties initial CMC.  No changes in the standard requirements are necessary at this time.

**b.    Rule 26(f)(3)(B): As to the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or limited to or focused on particular issues.**

The parties intend to serve written interrogatories, requests for production of documents and requests for admissions concerning the claims at issue in the Complaint following the initial CMC and exchange of initial disclosures.  With regard to the written discovery and depositions, the parties respectfully submit that no limitations or phases should be imposed on conducting discovery at this time.

**c.      Rule 26(f)(3)(C): Any issues relating to disclosure of discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties do not anticipate any issues relating to the disclosure or discovery of electronically stored information.  They agree to address any such issues in the event they arise.

**d.      Rule 26(f)(3)(D): Any issues relating to claims of privilege or of protection as to trial-preparation material, including – if the parties agree on a procedure to assert such claims after production – whether to ask the court to include their agreement in the order.**

The parties do not anticipate any issues relating to claims of privilege or of protections as to trial-preparation material. They agree to address any such issues in the event they arise.

**e.      Rule 26(f)(3)(E): What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, and what other limitations should be imposed?**

The parties do not currently anticipate any changes to the limitations on discovery proposed by the Federal Rules of Local Rules at this time.

**f.      Rule 26(f)(3)(F): Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

(Case No. 4:24-cv-3058-HSG)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The parties do not request any other orders to be entered by the court under Rule 26(c) or Rule 16(b) and (c) at this time.

**9.      Class Actions**

This is not a class action.

**10.      Related Cases**

There are no related cases.

**11.      Relief**

a.   <u>Plaintiff's Statement</u>

Plaintiff seeks the following relief for the claims alleged in the Complaint:

For judgment in favor of Bizarre Academia, Inc. and against Defendant;

for a declaration and finding that Defendant wilfully infringed Plaintiff's copyrighted work in violation of the Copyright Act;

for a declaration and finding that defendant is directly, vicariously, and/or contributorily liable for copyright infringement pursuant to 17 U.S.C. § 504(a)(1), including a finding that Defendant is liable for actual damages, as well as for Defendant's profits;

for an accounting of all profits, income, receipts, or other benefits derived by defendant from the production, copying, display, promotion, distribution, broadcast, public performance, or sale of products and services or other media, either now known or hereafter devised, that improperly or unlawfully infringe Plaintiff's copyright pursuant to 17 U.S.C. § 504(a)(1);

JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

(Case No. 4:24-cv-3058-HSG)

for a declaration and finding that Defendant infringed Plaintiff's trademark in violation of the Lanham Act pursuant to 15 U.S.C. § 1125(A), as well California common law trademark infringement;

for a declaration and finding that Defendant infringed Plaintiff's trademark in violation of unfair competition laws, namely the California unfair competition law and California Business and Professional Code §§ 17200;

for a declaration and finding that defendant is directly, vicariously, and/or contributorily liable for trademark infringement pursuant to 15 U.S.C. § 1125(A), including a finding that Defendant is liable for actual damages, as well as for Defendant's profits;

for an accounting of all profits, income, receipts, or other benefits derived by defendant from the production, copying, display, promotion, distribution, broadcast, public performance, or sale of products and services or other media, either now known or hereafter devised, that improperly or unlawfully infringe Plaintiff's trademark pursuant to 15 U.S.C. § 1117(a);

for compensatory damages;

for punitive damages;

for prejudgment and post-judgment interest; and

for the entry of an injunction order requiring Defendant and all persons acting in participation with them to be permanently enjoined from directly or indirectly infringing upon Plaintiff's works and Plaintiff's trademarks.

b.  Defendant's Statement

Defendant seeks dismissal with prejudice or, alternatively, a good-faith settlement that

JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

(Case No. 4:24-cv-3058-HSG)

resolves all claims without further burden on the parties. Defendant is open to reasonable terms, including ceasing use of any disputed elements, provided Plaintiff withdraws its claims and covers Defendant's minimal costs.

**12.    Settlement and ADR**

        a.    <u>Plaintiff's Statement</u>:

        The parties shall comply with the ADR L.R. 16-8 and file the required ADR certification documents.  The parties anticipate engaging in informal settlement discussions, and if unsuccessful, pursuing private mediation, and/or Mandatory Settlement Conference if so ordered by the Court.

        b.    <u>Defendant's Statement</u>:

        Defendant remains willing to discuss settlement options that fairly account for the circumstances of this case, including the nature of the alleged infringement and defendant's status as a minor with no commercial gain. The parties may benefit from exploring mutually agreeable terms that would resolve this matter without further litigation. However, defendant cannot accept terms that would impose undue burdens inconsistent with the actual scope of this dispute.

**13.    Other References**

        The parties are aware of no other references needed at this time.

JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

(Case No. 4:24-cv-3058-HSG)

**14.    Narrowing of Issues**

The parties have met and conferred concerning the main issues to be litigated in this matter, as largely reflected in the pending motion to dismiss, and the parties are unable to agree upon or narrow any issues for trial at this time. The parties will serve Requests for Admission in an attempt to narrow issues and expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts). No other discussions related to the narrowing of issues have taken place thus far.

**15.    Scheduling**

a. <u>Plaintiff's Statement</u>:

Plaintiff proposes the following schedule:

Non-Expert Factual Discovery to be completed by: October 31, 2025

Designation of Experts: December 12, 2025

Expert Discovery to be completed by: December 23, 2025

Discovery Cut-Off Date: December 23, 2025

Motion Cut Off Date (including dispositive motions): December 23, 2025

Final Pre-Trial Conference: February 10, 2026

Trial: March 2, 2026

b. <u>Defendant's Statement:</u>

FRCP 12(c) Motion Resolution Deadline: May 22, 2025

**If Motion Granted:** Case concludes without further proceedings.

**If Motion Denied:**

JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

(Case No. 4:24-cv-3058-HSG)

FRCP 12(c) Motion Resolution Deadline: May 22, 2025

Discovery: August 21, 2025

Expert Designation: September 20, 2025

Expert Discovery Cutoff: November 19, 2025

Dispositive Motions Deadline: December 19, 2025

Final Pre-Trial Conference: February 17, 2026

Trial: August 17, 2026

**16.    Trial**

a.    <u>Plaintiff's Statement</u>:

Plaintiff presently anticipate the issues in the case to be tried to a jury and estimate the length of trial to be five (5) court days.

b.    <u>Defendant's Statement</u>:

While maintaining this case should be resolved through the pending FRCP 12(c) motion or settlement, Defendant alternatively proposes:

Bench trial (non-jury) given the technical copyright/trademark issues

Estimated trial length: 3 court days maximum

Remote participation options for overseas witnesses

These accommodations are necessary given Defendant's pro se status, minor age, and lack of litigation resources.

JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

(Case No. 4:24-cv-3058-HSG)

**17.    Disclosure of Non-party Interested Entities or Persons**

Each party has filed the Certification of Interested Entities or Persons. On behalf of Plaintiff, no other person other than Plaintiff is known to have either (i) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding, and Plaintiff is unaware of any conflict of interest to report.

On behalf of Defendant, Defendant is a minor with no financial stakeholders. Legal representatives have no interest in the proceedings.

**18.    Professional Conduct**

Each party has reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.    Other Matters**

a.    <u>Plaintiff's Statement</u>:

Plaintiff is not presently aware of any other matters at this time conducive to the just, speedy, and inexpensive resolution of this matter.

b.    <u>Defendant's Statement</u>:

Defendant notes his status as a minor without financial resources to litigate this matter. Plaintiff's refusal to engage in pre-litigation settlement discussions—despite offering such opportunities to other infringers—has forced Defendant into undue hardship. The Court's intervention to facilitate settlement is warranted.

JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

(Case No. 4:24-cv-3058-HSG)

Dated: April 8, 2025                              MGL LLP

                                       By:  /s/ *Sean M. Ulrich*
                                           Sean M. Ulrich
                                           Attorney for Plaintiff


Dated: April 8, 2025

                                       By:   /s/ *Noah Wolf*
                                           Noah Wolf
                                           Defendant
                                           Pro se Litigant

JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

(Case No. 4:24-cv-3058-HSG)