Yvonne Raschke-Wolf and Enrico Wolf,
as Legal Representatives of Noah Wolf, a minor
Dreßdner Str. 151
01705 Freital, Germany
Telephone: +49 176 21446135
Email: noahwolf4321@gmail.com



**FILED**

APR 09 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA



| | |
|---|---|
| Bizarre Academia, LLC | Case No.: 3:24-CV-3058 PHK |
| Plaintiff, | |
| vs. | DEFENDANT NOAH WOLF'S MOTION FOR JUDGMENT ON THE PLEADINGS (PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c)) |
| Noah Wolf, an individual, | |
| Defendant | |

Dated: April 6, 2025

_____

Noah Wolf, Pro Se

## I. INTRODUCTION

Defendant Noah Wolf, a minor proceeding pro se through his legal representatives, respectfully moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The Complaint fails as a matter of law because it is riddled with conclusory allegations, misrepresented evidence, and factual inaccuracies, including reliance on outdated DMCA takedowns and improperly contextualized exhibits. As a non-native English speaker relying on translation assistance and lacking financial means to secure counsel despite extensive efforts, DEFENDANT NOAH WOLF'S MOTION FOR JUDGMENT ON THE PLEADINGS (PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c))

Defendant respectfully urges the Court to evaluate the pleadings under the standards of Rule 12(c), which permits dismissal when no material factual disputes exist and the moving party is entitled to judgment as a matter of law.

Plaintiff's claims of copyright and trademark infringement collapse under scrutiny. Defendant's games were independently developed with transformative elements, and any incidental similarities were promptly remedied in good faith. Plaintiff engaged in selective enforcement by targeting Defendant while ignoring more egregious infringers, undermining its claims of irreparable harm. Even assuming, arguendo, that any allegedly infringing material existed in Defendant's games, Plaintiff is barred from seeking statutory damages or attorney's fees under 17 U.S.C. § 412. The Complaint references assets and games publicly available before the effective date of Plaintiff's copyright registration in May 2024. Courts have held that when alleged infringement begins before registration, statutory damages and fees are categorically unavailable (see Davis v. Gap, Inc., 246 F.3d 152 (2d Cir. 2001)). Plaintiff's inclusion of these damages in its prayer for relief is legally unfounded and further undermines the plausibility of its claims. Defendant denies any infringement occurred; this argument is raised in the alternative to show that even under Plaintiff's timeline, the remedies sought are unavailable.

II.    **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings is appropriate when, after the pleadings are closed, the moving party establishes that no material factual disputes exist and that it is entitled to judgment as a matter of law (Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012)). The Court must accept all well-pleaded factual allegations as true, but conclusory statements and unsupported assertions cannot survive scrutiny (Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

DEFENDANT NOAH WOLF'S MOTION FOR JUDGMENT ON THE PLEADINGS (PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c))

## III. ARGUMENT

Plaintiff alleges that Defendant copied, reproduced, and distributed the Subject Game "Da Hood" by creating derivative works titled **"Dah Aim Trainer," "The Hood Customs," "Da Fallen," and "D.A.T. Testing."** Defendant bluntly refutes these allegations on several grounds:

### A. COPYRIGHT INFRINGEMENT CLAIMS ARE FACTUALLY AND LEGALLY INSUFFICIENT

1. Plaintiff's copyright claims rely on demonstrably misattributed assets. The double-barrel icon cited in Exhibit A was not created by Defendant but originated in a third-party game titled 'Dah Aim Trainer' under the group 'Hood Experiences' (see **Exhibit E**: creation date 04/12/2023). Defendant temporarily used this icon in good faith, unaware of its origin, and replaced it with a unique design on March 16, 2024—months before litigation (see **Exhibit B:** Discord logs and thumbnail updates). This replacement predates Plaintiff's claims, as evidenced by Roblox logs in **Exhibit H** showing the updated icon remained unchanged through June 2, 2024. Plaintiff's reliance on outdated assets misrepresents Defendant's current, non-infringing content.
2. Defendant's continuous, good faith efforts to update and modify the affected assets are evidenced by documented Discord conversations with his artist and visual comparisons provided in **Exhibit A.**
3. Plaintiff's DMCA notice **(Exhibit C)** is facially deficient, citing only cropped, decontextualized images (e.g., a map from **'Vay Hood'**) while failing to identify protectable elements. Defendant's counter-notice **(Exhibit C)** contested this vagueness under penalty of perjury, yet Plaintiff proceeded with litigation despite lacking credible evidence. This violates both the DMCA's specificity requirement *(17 U.S.C. § 512(c)(3)(A))* and the *Ninth Circuit's holding in Lenz v. Universal Music Corp. (801 F.3d 1126, 1133 (9th Cir. 2015))*, which requires copyright holders to evaluate fair use before

issuing takedowns. Plaintiff's failure to identify infringing material—while certifying accuracy under penalty of perjury—further demonstrates bad faith under *Rossi v. Motion Picture Ass'n (391 F.3d 1000, 1004 (9th Cir. 2004)) (misrepresentations in DMCA notices may violate § 512(f))*.

4. As established in *Funky Films, Inc. v. Time Warner Entm't Co., 462 F.3d 1072, 1077 (9th Cir. 2006),* a copyright infringement claim requires a showing of substantial similarity. Plaintiff fails to provide direct evidence of copying, and Defendant's transformed work is demonstrably original.

5. Furthermore, Defendant's use of the disputed assets constitutes a fair use given the transformative nature of his work, as recognized by *Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569 (1994)*.

## B. NO TRADEMARK INFRINGEMENT

1. The term **'hood'** is generic in Roblox games (e.g., Hood Streets,'Hood Shootout'—see **Exhibit E)**, and Plaintiff's mark **'Da Hood'** lacks federal registration (its only application, filed by **Gamefam, Inc.**, is suspended). The titles **'Dah Aim Trainer'** (descriptive of gameplay) and **'The Hood Customs'** (generic) cannot plausibly cause confusion, particularly given the stark differences in gameplay and visuals **(Exhibit A)"**

2. **"The Hood Customs"** employs the generic term **"hood"** and incorporates distinct branding, clearly differentiating them from Plaintiff's mark. A review of various Roblox games **(see Exhibit E)** confirms that the term **"hood"** is commonly used and understood in the gaming community.

3. **"Da Fallen,"** being an unreleased game, cannot possibly mislead or confuse consumers regarding an affiliation with Plaintiff's product.

4. **"Dah Aim Trainer"** is a descriptive name referring plainly to its function as a training tool, and it is unrelated to Plaintiff's trademark claims.

5. The differences in gameplay, visual presentation, and target audience further ensure that no consumer mistake would occur.

6. Plaintiff's failure to produce evidence of consumer confusion—as required by *AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348 (9th Cir. 1979)*—renders the trademark claim untenable.

## C. No Actual Damages Or Loss Of Revenue

1. Plaintiff has provided no credible evidence of actual damages or lost revenue directly attributable to Defendant's games.

2. The existence of numerous competing games on the Roblox platform, which operate without similar litigation, underscores the speculative nature of Plaintiff's harm.

3. **Exhibit B** further illustrates that Plaintiff's evidence is outdated; materials such as the **"[Free Macro] Dah Aim Trainer"** game, which has already been taken down, are improperly used to support an ongoing claim.

## D. Transformative Use – A Fair Use Defense

1. Defendant's games are transformative under *Campbell v. Acuff-Rose Music, Inc.*, incorporating distinct visual assets and mechanics. For example, the greet animation in 'Dah Aim Trainer' differs materially from Plaintiff's work: frame-by-frame comparisons in **Exhibit B** (published May 9, 2024) show divergent body positioning, timing, and progression. These animations were reworked post-notice to eliminate incidental similarities, reflecting Defendant's good-faith compliance (see Exhibit B: Discord logs

dated April 14–29, 2024). Such modifications demonstrate new expression, satisfying the transformative standard for fair use.

2. As established in *Campbell v. Acuff-Rose Music, Inc.,* transformative use is a central factor in determining fair use. Defendant has added new expression and meaning, thereby protecting his work under the fair use doctrine.

3. **Exhibit B** clearly documents that modifications were made by Defendant in good faith and well in advance of the Complaint's filing.

## E. IMPROPER USE OF THE DMCA TAKEDOWN PROCESS

1. Plaintiff's DMCA notice **(Exhibit C)** is facially deficient under Lenz v. Universal Music Corp.. It cites a cropped image of a map from 'Vay Hood'—a wholly unrelated game (see **Exhibit F**: 'Vay Hood Hangout' with 2.2K active players)—to falsely allege infringement of 'Da Hood.' This misrepresentation violates *17 U.S.C. § 512(c)(3)(A)*, which requires specificity to locate infringing material. Defendant's counter-notice **(Exhibit C)** highlighted this error, yet Plaintiff proceeded with litigation, compounding its bad faith under *Rossi v. Motion Picture Ass'n*.

2. Defendant's counter-notice **(see Exhibit C)** sets forth his good faith belief that the DMCA takedown was based on misidentified and extraneous evidence.

3. As established in *Lenz v. Universal Music Corp., 393 F.3d 1326 (9th Cir. 2004),* copyright holders must consider fair use before sending a DMCA notice. Plaintiff's failure to do so—and its inclusion of unreliable evidence—renders its DMCA actions improper.

4. The inclusion of a cropped animation, which is too small to convincingly demonstrate any infringement, further underscores the fact that Plaintiff's evidence is unreliable and was presented without due diligence.

## F. PLAINTIFF'S UNTIMELY LAWSUIT BARS COPYRIGHT CLAIMS UNDER THE DMCA

DEFENDANT NOAH WOLF'S MOTION FOR JUDGMENT ON THE PLEADINGS (PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c))

1. Under *17 U.S.C. § 512(g)(2)(B)*, a copyright claimant must file a lawsuit seeking to restrain allegedly infringing activity within 10-14 business days after receiving a counter-notice. Failure to comply obligates the service provider (here, Roblox) to restore the disputed content and bars the claimant from pursuing remedies for pre-restoration infringement.

2. Plaintiff failed to meet the statutory deadline under *17 U.S.C. § 512(g)(2)(B)*:

   a. **April 25, 2024:** Roblox acknowledged Defendant's counter-notice and notified Plaintiff (**Exhibit H**: email to Justin).

   b. **May 15, 2024:** Roblox reinstated 'Dah Aim Trainer' after Plaintiff's 14-day inaction (**Exhibit H**: reinstatement email).

   c. **May 21, 2024:** Plaintiff filed suit 26 days post-counter-notice—far beyond the 10-14 day window (see **Exhibit H**: Pacer docket). This untimeliness bars all claims for pre-restoration infringement under *Perfect 10 v. Giganews*."

3. By waiting nearly a month to sue—long after Roblox restored Defendant's games—Plaintiff forfeited its right to seek damages or injunctive relief for any alleged pre-restoration infringement. *Perfect 10, Inc. v. Giganews, Inc., 847 F.3d 657, 673 (9th Cir. 2017) ("untimely suits under § 512(g)(2) are procedurally barred")*.

4. Plaintiff's delay also negates its claims of **"irreparable harm."** If infringement were urgent, Plaintiff would have sued within the statutory window—not waited until after Roblox reinstated Defendant's content.

### G. NO EVIDENCE OF WILLFUL INFRINGEMENT

1. Plaintiff's willfulness claim ignores Defendant's status as a minor and his lack of intent to infringe. The disputed assets (e.g., the double-barrel icon) were used inadvertently, sourced from a third-party game, and replaced upon notice. Critically, Defendant's

DEFENDANT NOAH WOLF'S MOTION FOR JUDGMENT ON THE PLEADINGS (PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c))

parents, his legal representatives, were entirely unaware of Defendant's game development activities or any potential infringement issues until the present legal action. See *Chappell & Co. v. Costa, 45 F. Supp. 554 (S.D.N.Y. 1942)* (holding that lack of knowledge of copyright is not a defense to liability for damages, but implying that it affects willfulness).

2. The timeline set forth in **Exhibit B**—showing that the previous logo and imagery were replaced after consultation with his artist (with documented Discord conversations) and before the complaint was filed—refutes any claim of wilfulness.

3. Therefore, the claim of willful infringement is conclusory and must be dismissed.

## H. LACK OF IRREPARABLE HARM

1. Plaintiff cannot show irreparable harm when it knowingly allowed worse infringements to persist **(Exhibit G–H)**. Its representative privately negotiated with direct copiers while suing Defendant—whose games were already modified. This inconsistency proves any alleged harm is fabricated or grossly exaggerated.

2. The evidence referenced in **Exhibit B** confirms that Plaintiff's claim of irreparable harm is based on outdated and isolated instances rather than an actual, continuing injury.

## I. PLAINTIFF'S SELECTIVE, BAD-FAITH ENFORCEMENT

1. Plaintiff's authorized representative, Cyan/Arman—a developer acting on Bizarre Academia's behalf—explicitly offered private settlements to operators of direct infringing copies, including a proposal to resolve matters through voluntary discontinuation **(Exhibit G)**. No such opportunity was extended to Defendant prior to litigation, despite Defendant's good-faith modifications to address any potential infringement concerns.

2. Plaintiff's selective enforcement is evident in its tolerance of direct replicas like 'Der Hood' and 'Hugs Hood' (see **Exhibit F**: games with 1.1K–2.5K players using identical

'Da Hood' assets), which have operated unchecked since 2021. By contrast, Plaintiff targeted Defendant's transformative game after receiving counter-notice compliance (**Exhibit B**). This inconsistency, coupled with private settlements offered to other infringers (**Exhibit G**: Cyan's Discord messages), demonstrates punitive intent rather than good-faith enforcement.

3. This inconsistent enforcement constitutes bad faith. Plaintiff's representative negotiated with direct infringers while subjecting Defendant to immediate litigation. Such arbitrary application of enforcement authority violates fundamental equity principles and undermines Plaintiff's claims of irreparable harm.

4. The record compels one conclusion: Plaintiff has targeted Defendant while permitting objectively more egregious infringement by others. This litigation represents punitive action, not good-faith enforcement, and warrants dismissal with prejudice.

## J. DEFENDANT'S MINOR STATUS AND PARENTAL INVOLVEMENT

1. Defendant is a minor, and his parents were not fully aware of the complex legal implications involved in this litigation.

2. This fact, combined with Defendant's proactive modifications and updates to his games and assets (as evidenced in **Exhibit B**), demonstrates that Defendant acted in good faith and without the requisite sophistication to commit willful infringement.

3. Plaintiff's failure to address this critical element underscores the insufficiency of the Complaint.

## K. PLAINTIFF'S ALTER-EGO CLAIMS ARE CONCLUSORY AND LEGALLY DEFICIENT

1. Plaintiff's alter-ego allegations are impermissibly vague. The Complaint generically alleges an "alter-ego relationship" between Defendant and unidentified **"DOE Defendants"** (Compl.   7) but fails to plead facts showing:

DEFENDANT NOAH WOLF'S MOTION FOR JUDGMENT ON THE PLEADINGS (PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c))

    a. A unity of interest or ownership between Defendant and any entity (see *Sonora Diamond Corp. v. Superior Court, 83 Cal. App. 4th 523, 539 (2000)* (alter-ego requires "unity of interest" such that separateness ceases));

    b. Fraud or inequitable conduct justifying veil-piercing (*Mesler v. Bragg Mgmt. Co., 39 Cal. 3d 290, 300 (1985)* (alter-ego applies only where equity demands)).

2. The doctrine is inapplicable to individuals.Alter-ego liability typically targets corporate entities, not minors like Defendant. While the Complaint alleges an "alter-ego relationship" between the Defendant and unidentified "**DOE Defendants**," it fails to provide any factual basis for extending this doctrine to a minor like Defendant, particularly given that Defendant's parents were unaware of his activities until this lawsuit. Plaintiff's attempt to conflate Defendant's status as an individual with hypothetical "**DOE Defendants**" is legally baseless and contradicts Iqbal's mandate that pleadings rest on factual content. Furthermore, Plaintiff's alter-ego theory collapses under scrutiny. Even if Defendant engaged developers for asset creation, their involvement was strictly transactional and confined to lawful commissions under explicit directives to avoid infringing material. Payment for such services does not meet the Sonora Diamond Corp. v. Superior Court (83 Cal. App. 4th 523 (2000)) threshold of 'unity of interest' or 'inequitable conduct' required to pierce the corporate veil. Developers operated as independent contractors with no ownership stake, decision-making authority, or access to Defendant's accounts—a standard industry practice. Plaintiff alleges no commingling of funds, joint financial interests, or intent to infringe, nor does it rebut evidence that Defendant's developers contributed only non-infringing, transformative work. This contrasts starkly with Plaintiff's tolerance of blatant infringers like Dee Hood (full replica of 'Da Hood'), Der Hood (full replica of 'Da Hood'), Dah Hood (direct copy under the group 'Hood Experiences' and blatantly uses

DEFENDANT NOAH WOLF'S MOTION FOR JUDGMENT ON THE PLEADINGS (PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c))

close to every asset from 'Da Hood'), Da Hood Aim Trainer (misappropriating Plaintiff's game title and stealing assets from 'Da Hood')—all operating unchecked for years **(see Exhibits E, F)**. By targeting Defendant's modified, non-infringing content while ignoring these egregious violations, Plaintiff's selective enforcement underscores the arbitrariness of its alter-ego claims, which fail under Twombly/Iqbal for lack of plausibility.

3. These boilerplate allegations are conclusory and formulaic, failing to meet *Twombly/Iqbal's* plausibility standard. See *Starlight Cinemas, Inc. v. B&B Theatres, LLC, 2021 WL 4472681, at \*5 (N.D. Cal. 2021)* ("bare alter-ego allegations warrant dismissal").

## IV.    CONCLUSION

For the reasons stated above, Defendant Noah Wolf respectfully requests that the Court enter judgment on the pleadings in favor of Defendant and dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 12(c). The Complaint fails to establish a plausible claim through its reliance on outdated, irrelevant, and unreliable evidence. Plaintiff has not demonstrated substantial similarity, actual damages, or the requisite likelihood of consumer confusion necessary to uphold its claims, and Defendant's work is protected by fair use and marked by its transformative nature.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29

Dated: April 6, 2025

Respectfully submitted,

Noah Wolf, Pro Se

Dreßdner Str. 151
01705 Freital, Germany
Telephone: +49 176 21446135
Email: noahwolf4321@gmail.com

DEFENDANT NOAH WOLF'S MOTION FOR JUDGMENT ON THE PLEADINGS (PURSUANT TO FEDERAL RULE
OF CIVIL PROCEDURE 12(c))

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29

# EXHIBIT A





DEFENDANT NOAH WOLF'S MOTION FOR JUDGMENT ON THE PLEADINGS (PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c))

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29





DEFENDANT NOAH WOLF'S MOTION FOR JUDGMENT ON THE PLEADINGS (PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c))



# EXHIBIT B



DEFENDANT NOAH WOLF'S MOTION FOR JUDGMENT ON THE PLEADINGS (PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c))

(Thumbnail/Icon changes made pre-litigation, after discovery of potential infringement)





DEFENDANT NOAH WOLF'S MOTION FOR JUDGMENT ON THE PLEADINGS (PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c))

# EXHIBIT C

**DMCA Notice**

To Designated Agent:

NOTIFICATION OF CLAIMED COPYRIGHT INFRINGEMENT(DIGITAL MILLENNIUM COPYRIGHT ACT, 17 U.S.C § 512.)

1. Identify the copyrighted work claimed to have been infringed:
https://www.roblox.com/games/2788229376/Da-Hood

2. Identification of the material that is claimed to be infringing or to be the subject of infringing activity that is to be removed or access to which is to be disabled:
https://www.roblox.com/games/18121942633/SOON-Dah-Aim-Trainer

4. Name of complaining party: ReallyCyan
5. Address: ###########
6. Phone:#########

I hereby affirm, as the complaining party, that I believe in good faith that the use of the material in the manner complained is not authorized by the copyright holder, its agent, or the law.

I hereby affirm, under penalty of perjury, that the information contained in this notification is accurate, and that I am authorized to act on behalf of the holder of the exclusive rights that I claim to be infringed



**Note: PII redacted due to privacy concern**

DEFENDANT NOAH WOLF'S MOTION FOR JUDGMENT ON THE PLEADINGS (PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c))

**DMCA NOTICE**

Hi Roblox Team,

I represent Thanh (CC'd on this email), the copyright owner of the game "Da Hood" and owner for Da Hood Entertainment on Roblox, and I am writing to you to submit an auto Digital Millennium Copyright Act (DMCA) claim. I am authorized to act on behalf of the owner whose content is infringed on.

It has come to our attention that these experiences have uploaded and used our experience assets without our permission.

Our Game URL:
https://www.roblox.com/games/2788229376/Da-Hood

COPIED GAMES LINKS BELOW:
https://www.roblox.com/games/15365954626/UPDATE-Dah-Aim-Trainer

These assets may include buildings (models), meshes, artwork, and code from the original game "Da Hood". The unauthorized use of our game's assets in these games is a clear violation of copyright, and we seek that the infringing game be removed from all distribution channels immediately.

I have attached detailed screenshots for proof. Vayhood is using our building assets.

I have a good faith belief that the use of the copyrighted materials described above on the infringing web pages is not authorized by the copyright owner, or its agent, or the law. I state, under penalty of perjury, that the above information in my notice is accurate and that I am authorized to act on behalf of the owner of the IP involved.

Justin
#########################
##############
##############

Sincerely,
The Da Hood Team



Note: PII redacted due to privacy concern

DEFENDANT NOAH WOLF'S MOTION FOR JUDGMENT ON THE PLEADINGS (PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c))

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29



DEFENDANT NOAH WOLF'S MOTION FOR JUDGMENT ON THE PLEADINGS (PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c))

Sincerely,



Noah





DEFENDANT NOAH WOLF'S MOTION FOR JUDGMENT ON THE PLEADINGS (PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c))

# EXHIBIT D







1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29



# EXHIBIT E



DEFENDANT NOAH WOLF'S MOTION FOR JUDGMENT ON THE PLEADINGS (PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c))

# EXHIBIT F





DEFENDANT NOAH WOLF'S MOTION FOR JUDGMENT ON THE PLEADINGS (PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c))





DEFENDANT NOAH WOLF'S MOTION FOR JUDGMENT ON THE PLEADINGS (PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c))

1
2
# EXHIBIT G
3
4
5
6
7
8
9
10
11
12
13
14
15
16



17
18
19
20
21
22
23
24
25
26
27
28
29

DEFENDANT NOAH WOLF'S MOTION FOR JUDGMENT ON THE PLEADINGS (PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c))

# EXHIBIT H



**M. Khurana (Roblox)**
Apr 25, 2024, 10:58 AM PDT

Hello Noah,

We have received your counter-notification and are in the process of reviewing it. Additionally, we have forwarded your counter-notification to the complainant, and you may receive further follow-up from them.

Once we have completed our review, we will follow up with additional information.

Best regards,

M. Khurana
DMCA Agent
Roblox Corporation

**DEFENDANT NOAH WOLF'S MOTION FOR JUDGMENT ON THE PLEADINGS (PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c))**

**ROBLOX**

**M. Khurana (Roblox)**
May 15, 2024, 10:05 PM PDT

Hello there,

Thank you for reaching out to us. We have reinstated the following content:

https://www.roblox.com/games/15365954626/CHECK-DESCRIPTION-Dah-Aim-Trainer

If you have any additional questions or concerns, please don't hesitate to reach out to us again.

Thanks,

M. Khurana
DMCA Agent
Roblox Corporation

**ROBLOX**

DEFENDANT NOAH WOLF'S MOTION FOR JUDGMENT ON THE PLEADINGS (PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c))

1
2    **M. Khurana** (Roblox)
3    Apr 25, 2024, 11:02 AM PDT
4
5    Hello Justin,
6
7    We have received the attached counter-notification in response to your recently submitted DMCA
     notification of alleged infringement.
8
9    We await your response (within not more than 14 business days) that you have filed an action
10   seeking a court order to restrain the counter-notifier's allegedly infringing activities. Such notice
11   should be submitted to us by replying to this email. If we do not receive a notice from you, we
     may reinstate the referenced content to Roblox within 10 business days
12
13   If you have additional questions, please reach out to copyright_agent@roblox.com.
14
15   Thank you,
16
17   M. Khurana
18   DMCA Agent
19   Roblox Corporation
20
21   **ROBLOX**
22
23
24
25
26   | Date Filed | # | Docket Text |
27   | --- | --- | --- |
28   | 05/23/2024 | 1 | COMPLAINT *Bizarre Academia, LLC* against Noah Wolf ( Filing fee $ 405, receipt number ACANDC-19436108 ). Filed by Bizarre Academia, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Civil Cover Sheet)(Cooper, Keith) (Filed on 5/23/2024) (Entered: 05/23/2024) |
29

DEFENDANT NOAH WOLF'S MOTION FOR JUDGMENT ON THE PLEADINGS (PURSUANT TO FEDERAL RULE
OF CIVIL PROCEDURE 12(c))