Sean Ulrich (SBN 309838)
MGL LLP
5777 W. Century Blvd., Ste. 1125
Los Angeles, CA 90045
Telephone: (424) 333-9570
sean@mgllaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Bizarre Academia, LLC, a Virginia Limited Liability Company<br><br>vs.<br><br>Noah Wolf, and individual; and Does 1-10, inclusive, | Case Number: 4:24-cv-03058-HSG<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(c)**<br><br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Courtroom: Courtroom 2, 4th Floor, Oakland Courthouse<br><br>No Noticed Hearing Date in Plaintiff's Motion |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>TABLE OF CONTENTS</u>**

I.    INTRODUCTION AND SUMMARY ........................................................................6

II.   ARGUMENT ....................................................................................................................7

     A.  Standard of Review on Motion under Fed. R. Civ. P 12(c). .................................7

     B.  Bizarre Has Alleged a Valid Claim for Copyright Infringement under U.S.
         Copyright Law. ..............................................................................................................8

         1.   Bizarre Has Properly Alleged the Elements of Defendant's Copyright
              Infringement……………………………………………………...…………8

         2.   Defendant Has Not Alleged a Proper Fair Use Affirmative Defense……….10

     C.  Bizarre Has Alleged a Valid Claim for Trademark Infringement under the
         Lanham Act and the California Business and Professional Code..........................6

         1.   Bizarre Has Made Sufficient Allegations of Likelihood of Confusion……...14

         2.   Bizarre Has Made Sufficient Allegations to Demonstrate Irreparable Harm..16

     D.  Bizarre Has Alleged a Valid Claim for Unfair Competition under Federal Law
         and California Law. ......................................................................................................18

         1.   Bizarre Has Alleged Sufficient Allegations to Demonstrate Unfair
              Competition under the Lanham Act……………………………………….18

         2.   Bizarre Has Alleged Sufficient Allegations to Demonstrate Unfair
              Competition Under the California Business and Professions Code…………19

     E.  Defendants Claims Regarding the DMCA are Improper and Misguided……..…21

     F.  Defendants Minor Status Is Not Affirmatively Pleaded and Is Improper Assertion
         of New Facts in a 12(c) Motion…………………………………………………21

III.  CONCLUSION..............................................................................................................22

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF AUTHORITIES

**Cases**

*Acad. of Motion Picture Arts & Scis v. Creative House Promotions, Inc.,*
   944 F.2d 1446, 1457 (9th Cir. 1991) .......................................................18, 19

*AMF, Inc. v. Sleekcraft Boats,*
   599 F.2d 341, 348-349 (9th Cir. 1979) .......................................................14, 16

*Ashcroft v. Iqbal,*
   556 U.S. 662, 678 (2009) .......................................................................7

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544, 570 (2007) .......................................................................7

*Canal Co. v. Clark,*
   80 U.S. 311, 322 (1872) .......................................................................15

*Chavez v. United States,*
   683 F.3d 1102, 1108 (9th Cir. 2012)……………………………………..7

*Dep't of Parks & Recreation v. Bazaar Del Mundo Inc.,*
   448 F.3d 1118, 1124 (9th Cir. 2006)…………………………………...……13, 18

*Feist Publications, Inc. v. Rural Telephone Service Co.,*
   499 U.S. 340, 355 (1991) .......................................................................8, 9

*Folsom v. Marsh,*
   9 F. Cas. 342, 344-345 (No. 4,901) (CC Mass.)………………………………...11

*Gotham Company v. White,*
   81 U.S. 511, 511 (1872) .......................................................................14

*Harper & Row, Publishers, Inc. v. Nation Enterprises,*
   471 U.S. 539, 547 (1985) ...............................................................9, 11, 12, 13

*Int'l Order of Job's Daughters v. Lindeburg & Co.,*
   633 F.2d 912, 916 (1980) .......................................................................19

*In re Century 21-Re Max Real Estate Adver. Claims Litis*

882 F. Supp. 915, 921 (C.D. Cal. 1994)………………………………….……….8

*Iowa State University Research Foundation, Inc. v. American Broadcasting Cos., Inc.*

  621 F. 2d 57, 61 (1980) ..............................................................................12

*Jada Toys, Inc. v. Mattel, Inc.,*

  518 F.3d 628, 632 (9th Cir. 2008)……………………………………..…14, 18

*Lawrence Mfg. Co. v. Tennessee Mfg, Co.,*

  138 U.S. 537, 546 (1891) ..........................................................................15

*Mallard Creek Indus. v. Morgan,*

  56 Cal. App. 4th 426, 438 (1997) ...................................14, 15, 16, 17, 18, 19

*McGann v. Ernst & Young,*

  102 F.3d 390, 392 (9th Cir. 1996)……………………………………..7

*Morrison v. Mahoney,*

  399 F.3d 1042, 1046 (9th Cir. 2005)………………………………….....10

*Motors, Inc. v. Times Mirror Co.,*

  102 Cal. App. 3d (Cal. App. 2d Dist. 1980) .............................................20

*Network Automation, Inc. v. Advanced Sys. Concepts, Inc.,*

  638 F.3d 1137, 1144 (9th Cir. 2011)………………………………….13, 18

*NL Indus, v. Kaplan,*

  792 F.2d 896. 898 (9th Cir. 1986)……………………………………..8

*Roy Export Co. Establishment v. Columbia Broadcasting System, Inc.,*

  503 F. Supp 1137, 1144 (1980) .................................................................12

*Sheldon v. Metro-Goldwyn Pictures Corp.,*

  81 F.2d 49, 56 (1936) ................................................................................13

*Skidmore v. Led Zeppelin,*

  *952 F.3d 1051, 1064 (9th Cir. 2020)*……………………………………..9

*Sony Corp. of America v. Universal City Studios, Inc.,*

  464 U.S. 417, 451 (1984) ..........................................................................12

PLAINTIFF'S OPPOSITION TO                    Case No. 4:24-cv-03058-HSG
JUDGEMNT ON PLEADINGS

*Watson Labs., Inc. v. Rhone-Poulenc Rorer, Inc.,*

    178 F. Supp. 2d 1099 (2021) ............................................................20

*Weinstock, Lubin & Co. v. Marks,*

    109 Cal. 529, 537 (1895) ........................................................17, 19

**<u>Statutes</u>**

15 U.S.C. §1125 .......................................................................................19

17 U.S.C § 102 ...........................................................................................8

17 U.S.C. § 106 ..........................................................................................8

17 U.S.C. § 107 ........................................................................................10

17 U.S.C. § 501 ..........................................................................................8

17 U.S.C. § 512.........................................................................................21

Cal. Bus. & Prof. Code § 14245 ..............................................................13

Cal. Bus. & Prof. Code § 14320 ........................................................16, 17

Cal. Bus. & Prof. Code § 14342 ..............................................................17

Cal. Bus. & Prof. Code § 17200 *et seq.* ............................................19, 20

**<u>Rules</u>**

Fed. R. Civ. P. 8(a)(2) .................................................................................7

Fed. R. Civ. P. 8(c).....................................................................................10

Fed. R. Civ. P. 12(b)...................................................................................21

Fed. R. Civ. P. 12(c) ...............................................................6, 7, 8, 16, 21, 22

PLAINTIFF'S OPPOSITION TO                    Case No. 4:24-cv-03058-HSG
JUDGEMNT ON PLEADINGS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    <u>INTRODUCTION AND SUMMARY</u>

In this case, Plaintiff Bizarre Academia, LLC ("Bizarre" or "Plaintiff") has alleged that defendant Noah Wolf ("Wolf" or "Defendant") is infringing Plaintiff's intellectual property, reproducing Plaintiff's copyrighted works without license or permission, and misappropriating Plaintiff's trademarks, in violation of federal and common laws. As detailed in Plaintiff's complaint ("Complaint"), including comparison pictures demonstrating the aforementioned, Defendant has infringed Bizarre's copyrights by copying and creating infringing derivative works from Plaintiff's original video game "Da Hood" ("Subject Game") and publishing the infringing games to the public, entitled "Dah Aim Trainer," "The Hood Customs," "Da Fallen" and "D.A.T. Testing," (the "Infringing Games"). Dkt. No. 1.  Moreover, Bizarre alleges Mr. Wolf intentionally copied Plaintiff's marks for DA HOOD ("Subject Mark") by using the confusingly similar marks DAH AIM TRAINER, THE HOOD CUSTOMS, DA FALLEN, and D.A.T. TESTING (the "Infringing Marks"), attempting to create consumer confusion as to the source or origin of its own goods and services, which are likely to harm and deceive the public into believing that Defendant's game either incorporates the Subject Game, is otherwise connected with the Subject Game, or that Plaintiff has endorsed Defendant's use thereof. Moreover, Defendant failed to file a timely answer to Plaintiff's Complaint, waiving any potential affirmative defenses (even though no affirmative defenses were raised in the untimely Answer). Putting aside the fact that Defendant solely provided a meritless and factually inaccurate answer and has submitted a 12(c) motion to dismiss Bizarre's claims and request for an entry of default judgment, Defendant has failed to assert that Defendant has not committed copyright infringement or trademark infringement of Bizarre's intellectual property. Because there is no basis for Defendant's motion, there is no basis to dismiss Bizarre's claims and Defendant's motion should be denied.

PLAINTIFF'S OPPOSITION TO                    Case No. 4:24-cv-03058-HSG
JUDGEMNT ON PLEADINGS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.     ARGUMENT

### A.  Standard of Review on Motion under Fed. R. Civ. P 12(c).

Under Federal Rule of Civil Procedure 8(a)(2)-(3), a complaint must contain a "short and plain statement of the claim that is plausible on its face and showing that the pleader is entitled to relief" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 550 U.S. 544, 555 (2007). Federal Rule of Civil Procedure Rule 8 does not require "detailed factual allegations", but it demands that the plaintiff plead content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct and not just a mere unlawful harm accusation against the defendant. *Id*. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*., at 550 U.S. 544, 553 (2007). However, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint does not show that the pleader is actually entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). A court considering a motion to dismiss can choose whether a pleading provides more than legal conclusions, that are not entitled to the assumption of truth, or if the pleadings set forth a complaint with substantive factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether the plaintiff is entitled to relief. *Id.*

A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain. *See McGann v. Ernst & Young*, 102 F.3d 390, 392 (9th Cir. 1996). Such a motion may be brought "after the pleadings are closed-but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United*

PLAINTIFF'S OPPOSITION TO
JUDGEMNT ON PLEADINGS

Case No. 4:24-cv-03058-HSG

*States*, 683 F.3d 1102, 1108 (9th Cir. 2012).  In considering a Rule 12(c) motion, as with a 12(b)(6) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party. *NL Indus, v. Kaplan,* 792 F.2d 896. 898 (9th Cir. 1986); *In re Century 21-Re Max Real Estate Adver. Claims Litis*., 882 F. Supp. 915, 921 (C.D. Cal. 1994).  Thus, to succeed, the moving party must demonstrate that even assuming all facts in Plaintiff's well-pleaded complaint are true, Plaintiff is not entitled to relief as a matter of law.  Under this standard, Mr. Wolf's motion should be denied.

**B.  Bizarre Has Alleged a Valid Claim for Copyright Infringement under U.S. Copyright Law.**

In accordance with 17 U.S.C § 102(a), original works of authorship fixed in a tangible medium of expression are eligible for copyright protection. These works include literary, musical, dramatic, choreographics, pictorial and graphic, motion pictures and audiovisual, architectural, and sound recordings. *Id.* Copyright holders retain six exclusive rights to reproduce, create derivative works, distribute, publicly perform, publicly display, and right to perform via digital audio transmission. 17 U.S.C § 106. Any party who violates the exclusive rights of any copyright owner is an infringer of the copyright and the author. 17 U.S.C § 501. A plaintiff alleging copyright infringement in a civil lawsuit must establish two essential elements in court. Foremost, the plaintiff must demonstrate that the work is original, that it "exists in a tangible medium" and that the plaintiff retains a valid copyright to the work *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 345 (1991). Furthermore, the plaintiff must prove that the defendant violated their exclusive rights to the work. 17 U.S.C § 1501. As discussed below, Bizarre has properly alleged facts to state a plausible claim.

**1.  Bizarre Has Properly Alleged the Elements of Defendant's Copyright Infringement.**

To establish copyright infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying constituent elements of the work that are original. *Feist*

PLAINTIFF'S OPPOSITION TO JUDGEMNT ON PLEADINGS              Case No. 4:24-cv-03058-HSG

*Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 345, 361 (1991) (quoting *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 547-549 (1985)). To properly allege copyright infringement, a plaintiff must sufficiently allege unlawful appropriation and copying. *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (en banc). Unlawful appropriation requires a plaintiff to allege that there are "substantial similarities" between the two works. *Id.* "Copying" may be shown with "direct evidence of copying" or "by showing that the defendant had access to the plaintiff's work." *Id.*

Here, Plaintiff has properly alleged that it is the author and owner in the copyright for the Subject Game. Dkt. 1, ¶ 8, 9. Plaintiff's work was widely publicly disseminated after its original creation. Dkt. 1, ¶ 10. Plaintiff then registered the Subject Game with the U.S. Copyright Office, complying with all relevant formalities and received the copyright registration certificate evidencing ownership and copyright protection of the Subject Game, establishing that Plaintiff in fact maintains a valid copyright in the Subject Game. Dkt. 1, ¶ 11. As the sole and exclusive owner, Bizarre retains of all rights, title, interest, privileges, and exclusive rights in and to the Subject Game. That being the case, Plaintiff has sufficiently alleged, with additional detail, the first element of ownership of a valid copyright.

Plaintiff has also properly alleged unlawful appropriating and copying. Defendant infringed Bizarre's copyrights by copying and creating infringing derivative works from the Subject Game and publishing the same to the public. Bizarre, in no way, authorized Defendant to copy, reproduce, display, distribute, create derivative works of, or otherwise use any aspect of the Subject Game. Dkt. 1, ¶ 15. Defendant's access is evidenced by the exact reproduction of protected elements of the Subject Game within the Infringing Games, which are notably and substantially similar to the aforementioned, as alleged in the Complaint. Dkt. 1, ¶ 12-14, 19. Moreover, the Subject Game is widely popular and publicly available on the Roblox platform, further demonstrating Defendant's access to the Subject Game to create the unauthorized derivative works. Dkt. 1, ¶ 13, 19. Plaintiff's pleading provides even further clarification and factual assertions in the associated Exhibits A and B displaying Plaintiff's original work and

PLAINTIFF'S OPPOSITION TO                    Case No. 4:24-cv-03058-HSG
JUDGEMNT ON PLEADINGS

showing comparisons and similarity to the Infringing Games. Dkt. 1, Exhibit A, Exhibit B. Bizarre has properly alleged the elements of Defendant's copyright infringement and Bizarre retains a plausible claim herein.

### 2. Defendant Has Not Alleged a Proper Fair Use Affirmative Defense.

In general, in responding to a pleading, a party must affirmatively state any avoidance or affirmative defense. Fed. R. Civ. P. 8(c). A defendant's failure to raise an affirmative defense in the first responsive pleading results in waiver. *See Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005).

Here, in Defendant's untimely Answer, Defendant makes absolutely no reference to pleading Fair Use as an affirmative defense. Dkt. 27. Section C of the untimely Answer addresses "Asserting Affirmative Defenses to the Claims for Relief". *Id.* Defendant pleads none of the eighteen (18) enumerated affirmative defenses, and under defense #19 "Other", Defendant states "Defendant's games have been substantially reworked and are now unique". *Id.* This is a direct reference to Defendant's untimely Answer where Defendant pleads "Defendant has since completed the rework of his games, ensuring all assets, animations, and UI are now unique". *Id.* at Section I, Paragraphs 14-17. Defendant's allegations are referencing creative works that Defendant's changed subsequent to notice from Plaintiff, and only *after* that notice were they "reworked" and unique. This cannot be construed as a pleading of an affirmative defense of Fair Use, as Fair Use pleads the Defendant qualifies for such protections under the factor-based analysis *at the time of the alleged infringement*, not after the Defendant is placed on notice and make additional changes. That being the case, no affirmative defense for Fair Use has been pleaded in Defendants first untimely responsive pleading, and therefore that affirmative defense has been waived.

Even with that being the case, to be thorough Plaintiff still addresses the claim. The U.S. Copyright Act provides guidance on the defense of fair use against copyright infringement. 17 USCS § 107. Section 107 further requires a case-by-case determination whether a particular use is fair, analyzing the four factors: (1) the purpose and the character of the use; (2) the nature of

PLAINTIFF'S OPPOSITION TO
JUDGEMNT ON PLEADINGS
Case No. 4:24-cv-03058-HSG

1  the copyrighted work; (3) amount and substantiality of the portion taken; and (4) effect of the use

2  on the potential market. *Id.*

3         Primarily, the court analyzes the purpose and the character of the use. "[A] reviewer may

4  fairly cite largely from the original work, if his design be really and truly to use the passages for

5  the purposes of fair and reasonable criticism. On the other hand, it is as clear, that if he thus cites

6  the most important parts of the work, with a view, not to critici[z]e, but to supersede the use of

7  the original work, and substitute the review for it, such a use will be deemed in law a piracy."

8  *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 550 (1985) (quoting

9  *Folsom v. Marsh*, 9 F. Cas. 342, 344-345 (No. 4,901) (CC Mass.)). Defendant's unauthorized use

10  of Bizarre's Subject Game does not provide criticism, review, commentary, nor does it provide

11  for a true transformative use of the Subject Game, rather Defendant's purpose and use is simply

12  to provide a similar game to the public for Defendant's monetary gain. Defendant's Infringing

13  Games do not provide a purpose for the public good other than to monetize on Bizarre's

14  copyrighted intellectual property in the same market.  This factor weights against Defendant and

15  a claim of Fair Use.

16         Secondly, a court analyzes the nature of the copyrighted work and historically, copyright

17  law has "recognized a greater need to disseminate factual works than works of fiction or

18  fantasy."  *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 563 (1985).

19  While courts grant greater deference to defenses of fair use for works of fiction or fantasy, the

20  courts heavily weight the other factors to determine the true impact on the potential market and

21  the overall substantiality of the use of the copyrighted work when analyzing the factual

22  allegations of each case.  However, here, as Plaintiff's works is wholly creative, and not a

23  traditional factual work (the news, biography, etc.), Plaintiff's work would enjoy more protection

24  than less due the creative/fictional nature.  This factor weights against Defendant and a claim of

25  Fair Use

26         Thirdly, while courts analyze the amount and substantial portion used of the copyrighted

27  work, "[every] commercial use of copyrighted material is presumptively an unfair exploitation of

28

PLAINTIFF'S OPPOSITION TO
JUDGEMNT ON PLEADINGS

Case No. 4:24-cv-03058-HSG

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

the monopoly privilege that belongs to the owner of the copyright." *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 562 (1985) (quoting *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 451 (1984)). Defendant's use goes above and beyond a *de minimis* use of the copyrighted elements of the Subject Game. Defendant's Infringing Games are mere copies of the Subject Game, with minor altered elements incorporated therein. Even if Defendant were to argue the fair use defense for its use of Bizarre's intellectual property, the *Harper* court would find a significant portion of Plaintiff's work was taken and unitlized in connection with the Infringing Games.  This factor weights against Defendant and a claim of Fair Use .

Lastly, courts analyze the effect of the use on the potential market for the value of the copyrighted work. Defendant's misappropriation of Bizarre's Subject Game has a substantial impact on the market. Defendant's Infringing Games are not only offered in the exact same market as the Subject Game (Plaintiff's games and Defendant's games offered exclusively on the Roblox platform), but Defendant's infringement causes substantial confusion to the public since the works are nearly identical in comparison. The fair use doctrine is not a license for corporate theft, empowering a court to ignore a copyright whenever it determines the underlying work contains material of possible public importance." *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 558 (1985) (quoting *Iowa State University Research Foundation, Inc. v. American Broadcasting Cos.*, 621 F.2d 57, 61 (1980)). Defendant's unauthorized taking and dissemination of a derivative of the Subject Game has implicit harm for the general public and for Bizarre, the original author and copyright holder of the Subject Game, as Defendant's games are functionally market replacements for Plaintiff's. While courts do not solely analyze the monetary gain or financial profit of the infringer, this is certainly taken into account when analyzing the harm on the overall market. The crux of the profit/nonprofit distinction is not whether the sole motive of the use is monetary gain but whether the user stands to profit from exploitation of the copyrighted material without paying the customary price. *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 562 (1985) (quoting *Roy Export Co.*

PLAINTIFF'S OPPOSITION TO JUDGEMNT ON PLEADINGS

Case No. 4:24-cv-03058-HSG

1  *Establishment v. Columbia Broadcasting System, Inc.*, 503 F. Supp 1137, 1144 (1980)).

2  Defendant has substantially benefitted in the market and seemingly, Defendant's explicit

3  infringement was not to benefit the overall public and provide more creative works in the

4  marketplace, but rather Defendant was solely motivated by financial gain in its misappropriation

5  and unauthorized use of Bizarre's intellectual property. As Judge Learned Hand cogently

6  remarked, "no plagiarist can excuse the wrong by showing how much of his work he did not

7  pirate." *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 562 (1985)

8  (quoting *Sheldon v. Metro-Goldwyn Pictures Corp.*, 81 F.2d 49, 56 (1936). Defendant's

9  argument related a *de minimis* taking is unfounded and unsubstantiated, like Defendant's

10 assertion that Defendant's outright unauthorized replication of Bizarre's Subject Game

11 constituted fair use under U.S. Copyright law. Defendant's intentional taking and creation of

12 derivative works based on copyrighted material does not constitute a fair use defense, but rather

13 demonstrates Defendant's goal to pirate Bizarre's Subject Game solely for Defendant's monetary

14 gain. Defendant has failed to properly assert a fair use defense, and Bizarre's copyright

15 infringement claim is therefore plausible.

16 **C.  Bizarre Has Alleged a Valid Claim for Common Law Trademark Infringement and**

17 **California Business and Professional Code.**

18     The owner of a registered mark may file a civil action against a defendant who uses,

19 reproduces, or knowingly facilitates another person's use or reproduction of the mark in

20 connection with the sale or advertising of any goods or services, if such use is likely to cause

21 confusion as to the source of those goods or services. (Cal. Bus. & Prof. Code, § 14245.)  To

22 prevail on its Lanham Act trademark claim, a plaintiff "'must prove: (1) that it has a protectible

23 ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause

24 consumer confusion.'" *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d

25 1137, 1144 (9th Cir. 2011) (quoting *Dep't of Parks & Recreation v. Bazaar Del Mundo Inc.*, 448

26 F.3d 1118, 1124 (9th Cir. 2006)).  State law trademark infringement claim (as well as claims

27 under the Unfair Competition Law to the extent it is based on infringement grounds) is subject to

28

PLAINTIFF'S OPPOSITION TO                    Case No. 4:24-cv-03058-HSG
JUDGEMNT ON PLEADINGS

the same legal standards as their Lanham Act trademark claim. *See, e.g., Jada Toys, Inc. v. Mattel, Inc*., 518 F.3d 628, 632 (9th Cir. 2008).

Here, Plaintiff used the Subject Mark in commerce in connection with entertainment services, namely, multimedia production, online video games, non-downloadable computer games and software production, among other things; and the general public of California recognizes the DA HOOD Mark as designating Bizarre as the origin and producer of the aforementioned goods and services. Through such use, Bizarre has common law trademark rights in the DA HOOD Mark under California law. Plaintiff has direcly and plainly pleaded such facts. Dkt. 1, ¶ 8, 9. 26. Plaintiff has also directly and plainly pleaded that Defendant has created marketplace confusion by using the confusingly similar Infringing Marks, which are likely to harm and deceive the public into believing that Defendant's Infringing Games either incorporate the Subject Game or are otherwise connected with the Subject Game, or that Plaintiff has endorsed Defendant's use thereof. Dkt. 1, ¶ 12, 27, 33. Two [trademarks] are substantially the same in legal contemplation, if the resemblance is such as to deceive an ordinary purchaser giving such attention to the same as such a purchaser usually gives, and to cause him to purchase the one supposing it to be the other. *Gotham Company v. White*, 81 U.S. 511, 511 (1872). Defendant has engaged in trademark infringement under the common law of the State of California by intentionally providing substantially similar goods and services with a similar mark in commerce. As discussed below, Bizarre provides factual allegations to support a plausible claim of Defendant's trademark infringement.

1.  **Bizarre Has Made Sufficient Allegations of Likelihood of Confusion.**

Courts determine the likelihood of confusion by balancing the following factors: (1) strength of the plaintiff's mark; (2) similarity between the two marks; (3) proximity of the goods; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchasers; (7) defendant's intent in selecting his mark; and (8) likelihood of expansion of product lines. *Mallard Creek Indus. v. Morgan*, 56 Cal. App. 4th 426, 435 (1997) (quoting *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-349 (9th Cir. 1979).

PLAINTIFF'S OPPOSITION TO                Case No. 4:24-cv-03058-HSG
JUDGEMNT ON PLEADINGS

1    Moreover, courts have held the federal "likelihood of confusion" standard applies equally to

2    claims under California law. *Mallard Creek Indus. v. Morgan*, 56 Cal. App. 4th 426, 435 (1997).

3         Foremost, Plaintiff's "DA Hood" Mark is likely suggestive as the mark provides context

4    to the nature of the product or service Plaintiff provides without directly describing the

5    aforementioned, as alleged in the Complaint on the confusingly similar nature. The Subject Mark

6    provides slight context regarding details of Plaintiff's Subject Mark, including the location of the

7    virtual world depicted in the game. While the Subject Mark provides a hint to the nature of

8    Bizarre's product or service, the Subject Mark is still distinctive and would be easily protectable

9    under the Lanham Act. Moreover, the Infringing Marks are quite similar to the Subject Mark in

10   the overall name and design. While Bizarre's Subject Mark utilizes a distinct "DA", likely to

11   indicate the urban location of the virtual world of the Subject Game, Defendant utilizes similar

12   nomenclatures in the Infringing Marks "DAH AIM TRAINER" and "DA FALLEN". In addition

13   to the similarity of spelling and suggestive nature of the Defendant's Infringing Marks,

14   Defendant offers the exact same goods and services as Bizarre, further demonstrating

15   Defendant's infringement of the Subject Mark. Bizarre has used the Subject Mark in commerce

16   in connection with entertainment services, namely, online video and computer games, among

17   other things; and the general public of California recognizes the DA HOOD Mark as designating

18   Bizarre as the source of goods and services. Intentionally, Defendant offers the exacts same

19   goods and services, while also advertising and marketing the Infringing Game on the same

20   Roblox platform Bizarre's Subject Game is available to consumers.  Plaintiff has presented these

21   allegations in the Complaint, and therefore properly pleaded its claims in review

22         Mr. Justice Strong, when speaking for the *Canal* court stated that, "the office of a

23   trademark is to point out distinctively the origin or ownership of the article to which it is affixed;

24   or, in other words, to give notice who was the producer. *Canal Co. v. Clark*, 80 U.S. 311, 322

25   (1872) (quoting *Lawrence Mfg. Co. v. Tennessee Mfg, Co.*, 138 U.S. 537, 546 (1891)). Bizarre's

26   Subject Mark has been infringed upon by Defendant, who utilizes the Infringing Marks to

27   provide the exact goods and services to consumers. Defendant's intentional replication of

28

PLAINTIFF'S OPPOSITION TO                              Case No. 4:24-cv-03058-HSG
JUDGEMNT ON PLEADINGS

Bizarre's Subject Game and Subject Mark to offer services to consumers by means of the same marketing and advertising channels, implies Defendant's intent to cause actual confusion to consumers, purely for Defendant's financial gain. When the alleged infringer knowingly adopts a mark similar to another's, reviewing courts presume that the defendant can accomplish his purpose: that is, that the public will be deceived." *Mallard Creek Indus. v. Morgan*, 56 Cal. App. 4th 426, 437 (1997) (quoting *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 354 (9th Cir. 1979). Defendant's intentional adoption of confusingly similar marks to those of Bizarre, while offering the exact same goods and services, further demonstrates Defendant's strategized intention to deceive consumers and to cause actual marketplace confusion between the Subject Mark and Infringing Marks. Notwithstanding Defendant's intent to fraudulently deceive consumers and to cause irreparable harm to Bizarre, Defendant's Infringing Marks are so substantially similar whereby consumers would be misled regarding the origin and producer of the goods and services. Moreover, Defendant's intent may have been to lead consumers to believe that Bizarre is infringing on Defendants' intellectual property, despite Defendant being an actual competitor and an intentional infringer of Bizarre's Subject Mark.  Defendant's own motion is instructional here.  Defendant claims that terms such as "hood" are common place or generic, yet Plaintiff alleges that the use of HOOD in DA HOOD is unique source identification to Plaintiff. Common use of such a term, or actual evidence of extreme widespread us to qualify "generic" would be a factual matter, which is clearly in dispute.  As the standard for a 12(c) motion in assumes all the well pleaded facts in the Complaint correct, and requires no material factual dispute, Defendant's motion fails on that standard alone.

    **2.**  **Bizarre Has Made Sufficient Allegations to Demonstrate Irreparable Harm.**

    Cal. Bus. & Prof. Code § 14320 describes an infringing use of a trademark or service mark. This section provides a person shall be subject to a civil action by the owner of the registered mark for the "[u]se, without the consent of the registrant, any reproduction, counterfeit, copy, or colorable imitation of a mark registered under this chapter in connection with the sale, offering for sale, or advertising of any goods or services on or in connection with

PLAINTIFF'S OPPOSITION TO          Case No. 4:24-cv-03058-HSG
JUDGEMNT ON PLEADINGS

which such use is likely to cause confusion or mistake or to deceive as to the source of origin of such goods or services." *Mallard Creek Indus. v. Morgan*, 56 Cal. App. 4th 426, 434 (1997) (quoting Cal. Bus. & Prof. Code § 14320). While Cal. Bus. & Prof. Code § 14320 and the *Mallard* court distinguish the standard for infringement and civil action for registered marks, similarly, California law provides liability for trademark infringement and states that unfair competition exists when an appreciable number of reasonable buyers are likely to be confused by the similarity of the plaintiff's and defendant's marks. *Mallard Creek Indus. v. Morgan*, 56 Cal. App. 4th 426, 434 (1997) (quoting *Weinstock, Lubin & Co. v. Marks,* 109 Cal. 529, 537 (1895). As discussed above, Defendant's Infringing Marks are not only substantially similar to the Subject Mark, but Defendant's goods and services are an exact replication and derivative work of Bizarre's copyrighted intellectual property. Moreover, the Infringing Game is quite literally an unauthorized derivative work of the Subject Game, demonstrating Defendant's intentional misappropriation of Bizarre's intellectual property to provide a substantially similar good and service to consumers, causing actual confusion as to the origin of the Infringing Game in the marketplace.

Pursuant to Section 14200 et seq. a person who has registered a trademark is entitled to injunctive relief against use of any mark likely to cause confusion with goods or services sold under its registered mark. Defendant's wrongful activities in the state of California have caused irreparable injury to Bizarre's reputation, goodwill and business. Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark registered, or a mark valid at common law, or a trade name valid at common law, shall be a ground for injunctive relief notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services." *Mallard Creek Indus. v. Morgan*, 56 Cal. App. 4th 426, 434 (1997). Bizarre is entitled to a permanent injunction restraining and enjoining Defendant's and Defendant's agents, employees, and all persons acting thereunder, in concert with, or on its behalf, from using in commerce the DA HOOD Mark or any colorable imitation thereof (including the Infringing Marks). Section 14342 is not a defense to an action for trademark

PLAINTIFF'S OPPOSITION TO                                      Case No. 4:24-cv-03058-HSG
JUDGEMNT ON PLEADINGS

infringement for an actor who appropriates the plaintiff's marks to sell an identical product. *Mallard Creek Indus. v. Morgan*, 56 Cal. App. 4th 426, 438 (1997). Presently, Defendant has appropriated Bizarre's Subject Mark and intentionally provides identical goods and services to consumers in the marketplace. Bizarre is informed and believes that unless said conduct is enjoined by this Court, Defendant will continue and expand on those activities to the continued and irreparable injury of Bizarre. This injury includes a reduction in the distinctiveness of Bizarre's DA HOOD Mark and injury to Bizarre's reputation that cannot be remedied through damages alone, and Bizarre has no adequate remedy at law. Defendant's wrongful activities in the State of California have caused Bizarre irreparable injury to Bizarre's reputation, goodwill and business. Bizarre is also entitled to recover (i) Defendant's profits, (ii) Bizarre's ascertainable damages, and (iii) Bizarre's cost of suit. Bizarre has provided sufficient allegations to demonstrate irreparable harm to support review of all factual allegations by this Court.

### D. Bizarre Has Alleged a Valid Claim for Unfair Competition under Federal Law and California Law.

Restated from above, to prevail on its Lanham Act trademark claim, a plaintiff "'must prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion.'" *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011) (quoting *Dep't of Parks & Recreation v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1124 (9th Cir. 2006)). State law trademark infringement claim (as well as claims under the Unfair Competition Law to the extent it is based on infringement grounds) is subject to the same legal standards as their Lanham Act trademark claim. *See, e.g., Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 632 (9th Cir. 2008).

#### 1. Bizarre Has Alleged Sufficient Allegations to Demonstrate Unfair Competition under the Lanham Act.

The ultimate test for unfair competition is the exact same as for trademark infringement: whether the public is likely to be deceived or confused by the similarity of the marks. *Mallard Creek Indus. v. Morgan*, 56 Cal. 4th 426, 438 (1997) (quoting *Acad. of Motion Picture Arts*

PLAINTIFF'S OPPOSITION TO
JUDGEMNT ON PLEADINGS

Case No. 4:24-cv-03058-HSG

*& Scis v. Creative House Promotions, Inc.,* 944 F.2d 1446, 1457 (9th Cir. 1991). As addressed above, Bizarre has properly alleged valid claims for Defendant's trademark infringement of the Subject Mark and likelihood of confusion between Bizarre's Mark and the Infringing Marks. An action for unfair competition under Cal. Bus. & Prof. Code § 17200 *et seq.* is "substantially congruent" to a trademark infringement claim under the Lanham Act. *Acad. of Motion Picture Arts & Scis v. Creative House Promotions, Inc.,* 944 F.2d 1446, 1457 (9th Cir. 1991) (quoting *Int'l Order of Job's Daughters v. Lindeburg & Co.,* 633 F.2d 912, 916 (1980). Defendant's use of the Infringing Marks falsely suggests that its game is connected with, sponsored by, affiliated with, related to, and/or approved by Bizarre, and its products marketed under the Subject Mark. Defendant's intentional actions are likely to cause confusion, mistake, or deception regarding affiliation, connection, or association with Bizarre, or the origin, sponsorship, or approval of their goods, services, or commercial activities. Defendant's unauthorized use of a confusingly similar trademark name constitutes unfair competition and a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). As set forth herein, Bizarre has provided valid and sufficient claims of Defendant's trademark infringement, further substantiating Bizarre's allegations of unfair competition against Defendant.

   2. **Bizarre Has Alleged Sufficient Allegations to Demonstrate Unfair Competition Under the California Business and Professions Code.**

Liability for trademark infringement and unfair competition exists under California law where an appreciable number of reasonable buyers are likely to be confused by the similarity of the plaintiff and defendant's marks. *Mallard Creek Indus. v. Morgan*, 56 Cal. App. 4th 426, 434 (1997) (quoting *Weinstock, Lubin & Co. v. Marks,* 109 Cal. 529, 537 (1895). On information and belief, Defendant has acted with knowledge of Bizarre's DA HOOD Mark, as the Subject Game is available for play on the exact same platform (Roblox) as the Infringing Games and utilizes and infringes upon numerous copyrighted works from the Subject Game. Defendant's intentional use of the Infringing Marks in connection with an exact replication of Bizarre's goods and services, in same marketing channels, affirm the likelihood of confusion for consumers in the

PLAINTIFF'S OPPOSITION TO                                     Case No. 4:24-cv-03058-HSG
JUDGEMNT ON PLEADINGS

1   marketplace.  In determining whether a particular business practice is unfair under California

2   Business and Professions Code Section 17200, the court must weigh the utility of the defendant's

3   conduct against the gravity of the harm to the alleged victim. *Motors, Inc. v. Times Mirror Co.,*

4   102 Cal. App. 3d 735, 740 (Cal. App. 2d Dist. 1980). Defendant's acts are unlawful and/or unfair

5   under California law because Defendant's use of the Infringing Marks are likely to confuse

6   consumers as to the source, origin, or affiliation of the Infringing Games, to misrepresent the

7   nature, characteristics and qualities of the Infringing Games and/or to deceive or have a tendency

8   to deceive a substantial segment of consumers into believing that the Infringing Game is

9   somehow affiliated with the Subject Game. Defendant's actions were undertaken with the

10  purpose of misleading or deceiving the public into buying Defendant's product under the

11  impression that it was purchasing Bizarre's product and/or that Defendant's product was

12  sponsored or endorsed by Bizarre.

13      When balancing Defendant's intentional conduct to deceive or mislead consumers by passing

14  off the Infringing Games as intellectual property, somehow related or associated with Bizarre

15  and the Subject Game, against Bizarre's irreparable harm, Defendant's conduct constitutes unfair

16  competition under California law. Whether a business act or practice constitutes unfair

17  competition within Section 17200 is a question of fact for the court to consider. *Watson Labs.,*

18  *Inc. v. Rhone-Poulenc Rorer, Inc.,* 178 F. Supp. 2d 1099, 1117 (2021). Defendant's acts of unfair

19  competition in the state of California have caused Bizarre irreparable injury. Bizarre is informed

20  and believes that unless said conduct is enjoined by this Court, Defendant will continue and

21  expand those activities to the continued and irreparable injury of Bizarre. This injury includes a

22  reduction in distinctiveness of Bizarre's DA HOOD Mark and injury to Bizarre's reputation that

23  cannot be remedied through damages alone, however, Bizarre has no adequate remedies at law.

24  Bizarre has alleged valid factual allegations of Defendant's unfair competition and violation of

25  Cal. Bus. & Prof. Code § 17200 *et seq.*, warranting review of the aforementioned by this Court

26  and providing support of this Court's denial of Defendant's motion.

27

28

PLAINTIFF'S OPPOSITION TO                    Case No. 4:24-cv-03058-HSG
JUDGEMNT ON PLEADINGS

### E.  Defendants Claims Regarding the DMCA are Improper and Misguided

Defendant's motion argues against claims under the DMCA, but as is plain on the face of the Complaint, Plaintiff has brought not counts or causes of action specifically under the DMCA. The DMCA is relevant to the case as Plaintiff filed an original DMCA takedown related to Defendant's infringing activities, and Defendant then filed a DMCA counter notice, consenting to the jurisdiction of this court.  Defendant has already filed its untimely Answer in the immediate action, and therefore has waived any 12(b) claims to personal jurisdiction.

Defendant also argues that under 17 U.S.C. § 512(g)(2)(B), a copyright claimant must file a lawsuit seeking to restrain allegedly infringing activity within 10-14 business days after receiving a counter-notice.  This, however, is a misreading of the statute.  17 U.S.C. § 512 is a safe harbor provision meant to protect internet service providers (ISP) and platforms from being held personally liable for the actions of their user.  The takedown and counter-notice procedure are provisions that platforms must abide by in order to protect *their* liability shield, and not statute of limitations on when actual copyright holders can and can't bring claims.  Defendant's reference to claims under 512(g) are misplaced ("''untimely suits under § 512(g)(2) are procedurally barred") – claims under 512(g) are claims against the ISP of platform, *not* claims against the direct infringing user of the platform.  As is plain from the Complaint, Plaintiff has not raised any claims against Roblox, the ISP/platform in these facts, and only claims against the actual infringing user.  That being the case, no weight should be given to these arguments generally, but in particular under a 12(c) as Plaintiff has not raised any causes of action under the DMCA.

### F.  Defendants Minor Status Is Not Affirmatively Pleaded and Is Improper Assertion of New Facts in a 12(c) Motion

As noted above, Defendant raised no affirmative defenses in its first responsive pleading in the filing of its untimely Answer.  The 12(c) motion is limited to the pleadings and a test of the sufficiency of them.  Defendant's claim actually raises new factual issues, and actually argues Plaintiff's position that Defendant's 12(c) motion should not be granted for just that reason.  To

PLAINTIFF'S OPPOSITION TO                           Case No. 4:24-cv-03058-HSG
JUDGEMNT ON PLEADINGS

the extent Defendant's claim of minority status is not properly pleaded in its untimely Answer, it is not appropriately raised in a Rule 12(c) motion and should be disregarded. Further, even assuming arguendo that Defendant is a legal minor, such status does not immunize a party from liability for civil wrongs, including copyright infringement, trademark infringement and unfair competition, as capacity can be found in instances of willful or reckless actions, or other measures can be taken such as the appointment of a guardian at litem. All such considerations, however, are disputes related to genuine material fact, and therefore the motion should therefore be denied in its entirety as it does not mean the standard of 12(c).

### III.    <u>CONCLUSION</u>

Under governing precedent, Bizarre has stated plausible claims on which this Court could grant relief if provided after discovery and trial. Defendant's motion (a) mischaracterizes the legal standard to seek relief for judgment on the pleadings, and on copyright infringement; (b) inaccurately asserts a fair use defense for Defendant's blatant copyright infringement when such a defense has been waived; (c) disregards the extent of its intentional copying of Bizarre's intellectual property; (d) minimizes what Bizarre pled – in both substantive legal arguments and pictorial evidence – in claiming Bizarre has not clearly stated a valid claim for copyright and trademark infringement; (e) neglects to acknowledge the extent of irreparable harm Bizarre has suffered due to Defendant's blatant copying of Bizarre's Subject Game and replication of Bizarre's Subject Marks with the intent to deceive and mislead consumers; and (f) seeks to have the Court make factual findings and rulings as to the likelihood of confusion and unfair competition claims—issues of fact that are rarely resolved on summary judgment, much less on a motion to dismiss. Defendant's motion is devoid of any evidence to provide this Court with proper insight to dismiss Bizarre's substantive factual allegations. Defendant's motion for judgment on the pleadings should be denied.

I certify that this memorandum contains 5,618 words, in compliance with the Local Civil Rules.

DATED this 23rd day of April, 2025.

Respectfully submitted,

By:    /s/ Sean M. Ulrich

Sean M. Ulrich (SBN 309838)
MGL LLP
5777 W. Century Blvd., Ste. 1125
Los Angeles, CA, 90045
Telephone: (424) 333-9570
sean@mgllaw.com

*Attorneys for Plaintiff Bizarre Academia, LLC*

PLAINTIFF'S OPPOSITION TO
JUDGEMNT ON PLEADINGS

Case No. 4:24-cv-03058-HSG

**DECLARATION OF SERVICE**

I, Sean Ulrich, hereby declare under penalty of perjury under the laws of the United States that on this 23rd day of April, 2025, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the same to all registered users.

EXECUTED in Los Angeles, California on this 23rd day of April, 2025.

Respectfully submitted,


MGL LLP

By:      /s/ Sean M. Ulrich

Sean M. Ulrich (SBN 309838)
MGL LLP
5777 W. Century Blvd., Ste. 1125
Los Angeles, CA, 90045
Telephone: (424) 333-9570
sean@mgllaw.com

*Attorneys for Plaintiff Bizarre Academia, LLC*

PLAINTIFF'S OPPOSITION TO
JUDGEMNT ON PLEADINGS

Case No. 4:24-cv-03058-HSG