UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIZARRE ACADEMIA, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NOAH WOLF,<br><br>　　　　Defendant. | Case No. 24-cv-03058-HSG<br><br>**ORDER GRANTING EX PARTE APPLICATION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 45 |

　　　　Before the Court is Defendant's ex parte application to file a letter under seal. Dkt. No. 45. Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). But records attached to motions that are only "tangentially related to the underlying cause of action" must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. Proc. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

　　　　Under the local rules, the party seeking to file a document or portions of it under seal also "must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents." Civil L.R. 79-5(a). The party must further explain the interests that warrant sealing, the injury that will result

if sealing is declined, and why a less restrictive alternative to sealing is not sufficient. *See* Civil L.R. 79-5(c).

Defendant—a minor—seeks to seal a letter discussing emails containing settlement negotiations between the parties. *See* Dkt. No. 45-3 (letter and emails). Because the contents are not associated with any dispositive motion, the Court applies the lower good cause standard. This information is unrelated to the public's understanding of the judicial proceedings in this case, and the public's interest in disclosure of these documents is minimal. The case is now closed. The Court did not rely on the emails during any of its analysis, and Defendant only filed them on the docket to discuss during a case management conference. *See* Dkt. No. 45 at 2. Disclosing such information undermines the goal of frank and open settlement discussions. Accordingly, because the document divulges sensitive settlement discussions with a minor unrelated to the public's understanding of the judicial proceedings in this action, the Court finds that there is good cause to file the documents under seal and **GRANTS** Dkt. No. 45.

**IT IS SO ORDERED.**

Dated: 3/4/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge